**Alexander ALONZO, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0435–02.**

Court of Criminal Appeals of Texas.

March 16, 2005.

Brian W. Wice, Houston, for Appellant.

Alan Curry, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for State.

*OPINION*

HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, HOLCOMB, and COCHRAN, J.J., join.

Appellant was convicted of capital murder and sentenced to life imprisonment. The Court of Appeals reversed and remanded for a new trial after deciding that the trial court erroneously excluded defensive evidence. *Alonzo v. State,* 67 S.W.3d 346, 355–62 (Tex.App.-Waco 2001). We granted the State's petition for discretionary review to review this decision. After reviewing the parties' briefs and the relevant portions of the record, we conclude that our decision to grant the petition was improvident. Accordingly, we dismiss the State's petition for discretionary review. *See* Tex.R.App. 69.3.

KELLER, P.J., filed a dissenting opinion.

KELLER, Presiding Judge, dissenting.

The Court of Appeals granted relief on a basis that was not presented to the trial court—the constitutional right to present a defense. Although the merits of the constitutional claim were argued on original submission, the State failed to point out until its motion for rehearing that the claim was never presented at trial. One important question before us is: can the party that prevailed at trial "forfeit" a procedural default issue by failing to timely present it to the court of appeals? I would hold that such a "forfeiture" cannot occur and that we should exercise our discretion to direct that the issue be addressed.

In *Rochelle v. State* we held that, by failing to present a procedural default argument to the court of appeals, the State failed to preserve for review an argument that the appellant procedurally defaulted his complaint at trial.[1] But we have also said that preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.[2] Significantly, *Rochelle* predates our decision in *Marin v. State*,[3] a "watershed" case in the law of error preservation.[4] Given *Marin* and our other pronouncements on the "systemic" nature of error preservation, we should re-examine the viability of *Rochelle*. Such a re-examination shows it to be wanting.

In *Rochelle*, we articulated three reasons for holding that we will not review a court of appeals's refusal to consider a newly raised error preservation issue on rehearing. First, we stated that doing so is contrary to the policy in the appellate rules of requiring all matters to be raised in the original brief.[5] Second, it would force appellate courts to issue written opinions on rehearing.[6] And finally, it would encourage piecemeal appellate litigation in the courts of appeals.[7] For several reasons, none of these justifications are particularly persuasive.

Since the advent of *Marin*, errors are categorized into three groups: (1) absolute requirements and prohibitions (also known as "systemic" requirements), (2) rights that must be implemented unless expressly waived, and (3) rights that are to be implemented upon request.[8] Most requirements are of the third type, those that are "optional with the litigants."[9] The rationale underlying the "optional" nature of most requirements is that the trial judge acts within the adversarial system as an "institutional referee" whose role is to passively enforce rules invoked by the parties.[10]

But appellate courts do not share this passive role with regard to whether the appealing party has properly preserved error. As observed above, several cases after *Rochelle* have indicated that a first-level appellate court should address preservation of error even if the issue is not raised by the parties. *Rochelle's* articulated policy of requiring the parties to raise all their claims in the original brief is irreconcilable with the fact that the party that prevails in the trial court has no duty to file a brief at all. The duty to address preservation issues *sua sponte* also undercuts *Rochelle's* second and third reasons for not addressing such issues on rehearing. If a court of appeals complies with its

---

1.  791 S.W.2d 121 (Tex.Crim.App.1990).

2.  *Jones v. State*, 942 S.W.2d 1, 2 n. 1 (Tex. Crim.App.1997); *see also Hughes v. State*, 878 S.W.2d 142, 151 (Tex.Crim.App.1992) (holding that a motion for rehearing regarding a preservation of error issue was an appropriate vehicle to force "appellate courts to observe their systemic requirements") and *Fuller v. State*, 829 S.W.2d 191, 199 n. 4 (Tex. Crim.App.1992) ("it has been the common practice of this Court and of the intermediate appellate courts in Texas to examine matters affecting the preservation of error, whether separately argued by the parties or not").

3.  851 S.W.2d 275 (Tex.Crim.App.1993).

4.  *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim.App.2004).

5.  *Rochelle*, 791 S.W.2d at 125.

6.  *Id.*

7.  *Id.*

8.  851 S.W.2d at 279.

9.  *Id.* at 278.

10.  *Id.* ("The trial judge has no duty to exclude [hearsay evidence] on his own [for example], and would probably fall into error if he did").

duty to address the preservation issues on original submission, a motion for rehearing will be unnecessary and the threat of piecemeal litigation will be nonexistent.

And there are good reasons for imposing on the appellate courts a duty to address preservation issues *sua sponte*. In *Saldano v. State*, we explained the fundamental importance of error preservation requirements to the proper and efficient functioning of the system: "[O]bjections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial. They, and the judicial system, are not burdened by appeal and retrial. When a party is excused from the requirement of objecting, the results are the opposite." [11] These judicial economy concerns are most salient, by far, at the trial level. Permitting an appellate court to refuse to consider error preservation when it is first reminded to do so on motion for rehearing may promote the efficient disposition of an appeal, but that small savings of judicial resources is far outweighed by the time and expense of retrial (and subsequent appeal) that would follow a reversal on a complaint that was never presented to trial court.

Moreover, decision-making at the appellate level must take into account not only the parties' interests but also those of the trial court. On appeal, the trial court has no designated representative. While the party prevailing at trial may generally defend the trial court's interests in maintaining its judgment, that is not always the case. For instance, the State might choose not to advance a procedural default issue because it wishes to obtain an appellate pronouncement regarding a certain proposition of law that can be made only by considering the merits of the appellant's claim. While the parties may have latitude to narrow issues in such a manner at trial, the same cannot be said for appeal. The State (or any other appellee) should not be permitted to thrust a legal issue upon an appellate court by strategically deciding to "forfeit" a claim of procedural default. Rather, appellate courts should refrain from being manipulated into giving advisory opinions about the law.

Further, there are sometimes situations in which the State concedes error, and such a concession could occur even when the error was not preserved. In fact, that situation occurred at the federal level in *Saldano*, where the Attorney General of Texas conceded error in the admission of testimony, even though no objection had been lodged at trial.[12] Such a confession of error would constitute not merely forfeiture but an actual *waiver* of a claim of procedural default. Nevertheless, we did not feel bound in *Saldano* by such an attempted waiver, and we expressly disagreed with the notion that the State's confession of error excused the appellant from having to comply with the rules for preserving error.[13] Analytically, refusing to accept an attempted waiver is the equivalent of treating the preservation requirement as an absolute one, to be implemented regardless of the party's wishes.[14]

While the State's failure to protect the trial court's interests in this case was by negligence, rather than by design, that does not change the fact that the trial courts' interests in maintaining their judgments and avoiding further proceedings deserve protection by the appellate courts themselves, and not simply by the parties.

---

11. 70 S.W.3d 873, 887 (Tex.Crim.App.2002).

12. *See Saldano*, generally.

13. *Id.* at 890–891.

14. *But see Saldano v. Roach*, 363 F.3d 545, 553–554 (5th Cir.), *cert. denied*, —— U.S. ——, 125 S.Ct. 65, 160 L.Ed.2d 29 (2004)(in federal system, on habeas corpus, State's representative can waive defense of procedural default).

Finally, I address the question of estoppel.[15] Given the need to protect the trial court's interests, as opposed to simply those of the parties, it is questionable whether estoppel should even apply in this context. But even if principles of estoppel could apply to the failure to invoke procedural default, they are not implicated here. To implicate estoppel, the circumstances would have to show that the State first injected the constitutional issue into the case, and, as a result, misled the court of appeals into ruling upon the merits of the issue. In appellant's brief on direct appeal, there is a section B, entitled, "The right of an accused to present a defensive theory." In that section, consisting of a paragraph filling half a page, appellant discusses two United States Supreme Court cases recognizing a constitutional right to present a defense and two Texas cases purportedly recognizing the same rule. That paragraph is then followed by a section C, entitled "The evidence was admissible under Texas Rule of Evidence 803(24)," which consists of a full page discussing appellant's rule of evidence claim. That section is in turn followed by a section D, which consists of four pages of discussion, evaluating harm under the standard for non-constitutional errors. A good argument could certainly be made that appellant's brief on direct appeal did not adequately present a constitutional claim to the court of appeals,[16] but the State certainly cannot be blamed for thinking that appellant's brief might be construed as raising a constitutional claim or might motivate the court of appeals to raise such a claim on its own.[17]

In summary, under the circumstances, the court of appeals ought to have addressed the preservation issue urged in the State's motion for rehearing. This case involves a serious question about whether error was in fact preserved under common, everyday notions of procedural default. This Court should either remand the case to the court of appeals to consider the issue or it should consider the preservation issue on discretionary review.

I respectfully dissent to the Court's decision to dismiss this petition as improvidently granted.

---

**15.** *See Prystash v. State,* 3 S.W.3d 522 (Tex. Crim.App.1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000).

**16.** Appellant does not claim that the State injected the constitutional issue in its brief to the court of appeals.

**17.** A claim that is not presented to the Court of Appeals in the briefs may nevertheless be addressed as "unassigned error," so long as the error was preserved at trial. *Wright v. State,* 981 S.W.2d 197, 199 n. 2 (Tex.Crim. App.1998).