IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1594-02






AARON JUNIOR HALL, Appellant


 

v.



THE STATE OF TEXAS







ON STATE'S PETITION FOR DISCRETIONARY REVIEW 


OF CASE NUMBER 05-01-00655-CR OF THE FIFTH COURT OF APPEALS

DALLAS COUNTY





 Hervey, J., filed a dissenting opinion in which Keller, P.J., and Keasler, J.,
joined.


DISSENTING OPINION


 I respectfully dissent. The Court's opinion confirms that our lesser-included offense
jurisprudence under Article 37.09(1), Tex. Code Crim. Proc., has not been a model of clarity. See
Hall v. State, S.W.3d , slip op. at 2-18 (Tex.Cr.App. No. PD-1594-02, delivered this date). 
Article 37.09(1) provides that an offense is a lesser-included offense if "it is established by proof of
the same or less than all the facts required to establish the commission of the offense charged." (1) The Court's decision that Article 37.09(1) requires an examination of the statutory elements
of the charged offense as they are modified by the charging instrument in determining the "facts
required" to establish the commission of the offense charged is consistent with the plain language
of Article 37.09(1). See Hall, slip op. at 18-19. That means, as the Court decides here, that the State
was not required to prove an aggravated assault by threat in proving the charged murder offense even
though the evidence the State used to prove the murder offense also incidentally proved the
aggravated assault by threat offense. Under this application of Article 37.09(1), the aggravated
assault by threat offense is not a lesser-included offense of the charged murder offense.

 This application of Article 37.09(1), however, overrules much of our case-law which would
support a contrary decision in this case because the State's evidence to prove the charged murder
offense also incidentally proved the aggravated assault by threat offense. (2) This case-law, however,
is inconsistent with the plain language of Article 37.09(1) by focusing on what the State actually
proved instead of what it was required to prove. See Hall, slip op. at 7 (Article 37.09(1) does not
speak of the facts of the case; it speaks of the "facts required" to establish the commission of the
offense charged).

 The Court's opinion does not address the other ground upon which the Court granted review. 
This additional ground presents the question of whether the aggravated assault by threat offense is
a lesser-included offense of the charged murder offense under Article 37.09(2), Tex. Code Crim.
Proc., which states that an offense is a lesser-included offense if "it differs from the offense charged
only in the respect that a less serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission." I agree with the Court of Appeals that the aggravated
assault by threat offense did not differ from the charged murder offense only in the respect that a less
serious injury sufficed to establish its commission. See Hall v. State, 81 S.W.2d 927, 931
(Tex.App.-Dallas 2002). As stated by the Court of Appeals, the "aggravated assault by threat
[offense] differed from the charged murder offense by more than the injury or risk of injury to the
[victim]" by including "the additional element of a threat against the [victim] that was not present
in the murder indictment." See id. This too is consistent with the plain language of Article 37.09(2).

 Regardless of the grounds raised, the Court should on its own motion review the decision of
the Court of Appeals on the procedural default issue. See Tex. R. App. Proc. 66.1; Hall, 81 S.W.3d
at 929 (holding that appellant did not procedurally default the claim that the trial court erroneously
submitted the aggravated assault by threat instruction in jury charge). The Court should do this
because the State did raise it in its petition for discretionary review, it is an important issue to the
bench and bar, and it has been suggested that preservation of error is a systemic requirement. See,
e.g., Alonzo v. State, 158 S.W.3d 515, 516 (Tex.Cr.App. 2005) (Keller, P.J., dissenting).

 Appellant did not claim in the trial court that the aggravated assault by threat offense was not
a lesser-included offense of the charged murder offense. The Court of Appeals decided that it is
legally insignificant that appellant did not bring this to the trial court's attention because conviction
on a lesser charge not authorized by Article 37.09 is a structural, jurisdictional defect rendering a
conviction on that charge "void." See Hall, 81 S.W.3d at 929, 931.

 I would decide, however, that any right not to be convicted of an unobjected-to lesser charge
not authorized by Article 37.09 is not a right "widely considered so fundamental to the proper
functioning of our adjudicatory process as to enjoy special protection in the system." See Marin v.
State, 851 S.W.2d 275, 278-79 (Tex.Cr.App. 1993). The Court of Appeals' published decision that
a conviction on a lesser charge not authorized by Article 37.09 is "void" would permit a defendant
to request a beneficial lesser charge and, if acquitted of the greater charge and convicted of the
defense-requested lesser charge, successfully complain for the first time on appeal that such a charge
should never have been given. But see Prystash v. State, 3 S.W.3d 522, 530-31 (Tex.Cr.App. 1999). 
This Court's decisions in Marin and Prystash and the policies advanced by them do not support such
an unusual result. I would decide that appellant procedurally defaulted any appellate claim that the
aggravated assault by threat offense was not a lesser-included offense of the charged murder offense.

 I respectfully dissent.


 Hervey, J.


Filed: May 9, 2007

Publish
1. Emphasis supplied.
2. See, e.g., Rousseau v. State, 855 S.W.2d 666, 672 (Tex.Cr.App. 1993) ("lesser included
offense must be included within the proof necessary to establish the offense charged"); Broussard
v. State, 642 S.W.2d 171, 173 (Tex.Cr.App. 1982) ("It is not a question of whether or not the offense
charged is capable of being established on some theory that does not show the lesser included
offense. Rather, the issue is whether or not the State, in each case, when presenting its case to prove
the offense charged, also includes the lesser included offense.")