**Juan ALCOCER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–07–00333–CR, 04–07–00334–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 27, 2008.

Vincent D. Callahan, San Antonio, TX, for Appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, TX, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, PHYLIS J. SPEEDLIN, Justice, STEVEN C. HILBIG, Justice.

## MEMORANDUM OPINION

Opinion by: PHYLIS J. SPEEDLIN, Justice.

The sole issue in these appeals is whether the trial court erred in denying Juan Alcocer's request that the jury be instructed to disregard evidence if it believed, or had a reasonable doubt, that the evidence was obtained as a result of a violation of a constitutional provision or law. We affirm the trial court's judgments.

### BACKGROUND

After receiving complaints about drug activity at a particular house, four officers went to investigate the complaints. The gate across the driveway of the house was

open, and Officer Mario Moreno and Officer Brian Baldwin went through the gate and knocked on the front door. The officers saw a surveillance camera concealed in a potted plant on a windowsill. No one answered the door, but the officers heard movement inside and the sound of someone running toward the rear of the house. Officer Moreno testified that he made his way toward the rear of the house because he was concerned for his safety. Officer Baldwin testified that he was covering the front, heard the movement, and "believed that there was possibly some destroying of evidence going on" so he tried to make entry through the front window. As Officer Moreno walked toward the back of the house, he saw Alcocer throwing bags of cocaine out a window. Alcocer was arrested and charged with possession of a controlled substance and possession of a controlled substance with intent to deliver.

## DISCUSSION

▮▮▮ Article 38.23 of the Texas Code of Criminal Procedure provides that where a fact issue is raised with regard to whether evidence was obtained in violation of a constitutional provision or law, the jury shall be instructed that if it believes, or has a reasonable doubt, that evidence was obtained in violation of those provisions, then it must disregard that evidence. TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005). An article 38.23 instruction is required to be included in the charge only if there is a factual dispute about how the evidence was obtained. *Pickens v. State*, 165 S.W.3d 675, 680 (Tex.Crim.App.2005). When essential facts concerning the search or arrest are not in dispute, the legality of the search or arrest is a question of law, not fact, and no jury instruction is required. *Garza v. State*, 126 S.W.3d 79, 86 (Tex.Crim.App.2004); *McRae v. State*, 152 S.W.3d 739, 748 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd).

In his brief, Alcocer relies on a photograph that was introduced into evidence showing a no trespassing sign posted on the front of the house and asserts a fact issue was raised because the officers testified that no sign was posted. Alcocer contends that he "unfairly lost the right under [article 38.23] to let the jury pass on the factual dispute over the existence, at the time of the 'knock and contact' by the police, of a prominent red and black no trespassing sign on Appellant's residence." (record citations omitted). Accordingly, on appeal, Alcocer is claiming that an article 38.23 instruction was required because of a factual dispute over the existence of the no trespassing sign.

At trial, however, defense counsel did not argue that an instruction was necessary because of a factual dispute over the existence of the no trespassing sign. Instead, the argument presented to the trial court was that a factual dispute existed over the reason the officers went toward the back of the house. Defense counsel asserted:

> MR. GLASS: . . . . This is private property. And the actual idea that going into someone's yard—Yes, I can understand going to the front door. But actually going into someone's yard, going behind their house, that is an unreasonable search and there is facts, at least, about exigent circumstances which becomes a factual issue on whether or not. . . . Officer Moreno said he heard noise and then all of a sudden went to the back. *That is a factual issue as to whether or not just hearing noise is enough to actually go onto someone's property, to go behind their house and actually look around that house.* . . . .
> Actually going into the house or going around the house actually to look to see what is being thrown out, in those circumstances, is—becomes a factual issue because of that.

\* \* \*

MR. GLASS: The question becomes at what point do the exigent circumstances exist to actually go—instead of going to someone's front door, actually going into their yard and going behind the house itself.

*One officer says that he had fear of his safety. But yet another officer says, well, we thought they'd be getting rid of something.*

THE COURT: And it could actually be both things, right? Without it really—I mean, I can see how both reasons are there present in the totality of the circumstances and all of those things could be going through the minds of individual officers, maybe not—one might be more afraid at the moment for his own personal safety, another—for example, running to the back of the house, could be more concerned about the destruction of evidence and the exigent circumstances without those two things in—You know what I mean? They can both be happening and one doesn't rule out the other. *So I don't know that the two things happening concurrently means that there is a fact issue being raised.* . . . .

■ An objection must inform the trial judge of the basis of the objection and afford the judge an opportunity to rule. *Aragon v. State*, 229 S.W.3d 716, 720 (Tex. App.-San Antonio 2007, no pet.). The objection made at trial was that the trial court was required to submit the article 38.23 instruction because of a factual dispute over the reason the officers went behind the house. No objection was made that an article 38.23 instruction was required because of a factual dispute over the existence of the no trespassing sign. Because the error presented on appeal does not comport with the objection raised in the trial court, Alcocer's complaint is not preserved for our review. *Turner v. State*, 87 S.W.3d 111, 117 (Tex.Crim.App.2002); *Aragon*, 229 S.W.3d at 720.

The concurring justice charges the majority with eroding public confidence in the criminal justice system by requiring proper preservation of error. In appellate courts, however, preservation of error is of fundamental importance to the proper and efficient functioning of the judicial system. *See Alonzo v. State*, 158 S.W.3d 515, 517 (Tex.Crim.App.2005) (Keller, P.J., dissenting). As Presiding Judge Keller has explained, "[D]ecision-making at the appellate level must take into account not only the parties' interests but also those of the trial court." *Id.* "[T]he trial courts' interests in maintaining their judgments and avoiding further proceedings deserve protection by the appellate courts themselves, and not simply by the parties." *Id.*

The trial judge in this case was well-aware of the applicable law. She knew that an article 38.23 instruction was required only "if there is a factual dispute about how the evidence was obtained." *Pickens*, 165 S.W.3d at 680. She made an extensive inquiry into the factual dispute that defense counsel believed would support the submission of an instruction. As previously noted, the factual dispute that defense counsel argued as support for the instruction at trial is far different than the factual dispute asserted in the appellant's brief. If we were to ignore this difference, we would be abdicating our responsibility as a first-level appellate court to ensure that the systemic requirement of preservation of error has been satisfied. *Alonzo*, 158 S.W.3d at 516. As the Texas Court of Criminal Appeals has stated:

[O]bjections promote the prevention and correction of errors. When valid objections are made and sustained, the parties may have a lawful trial. They, and the judicial system, are not burdened by appeal and retrial. When a party is

excused from the requirement of objecting, the results are the opposite.

*Saldano v. State,* 70 S.W.3d 873, 887 (Tex. Crim.App.2002). Far from eroding public confidence, we are fulfilling the proper role of an appellate court by refusing to allow an appeal by ambush.

### CONCLUSION

The trial court's judgments are affirmed.

## CONCURRING OPINION

Concurring Opinion by: STEVEN C. HILBIG, Justice.

I cannot agree with the majority's conclusion that Alcocer waived his point of error because "the error presented on appeal does not comport with the objection raised in the trial court. . . ." At trial, Alcocer requested the court to include in the jury charge an instruction under Article 38.23 of the Texas Code of Criminal Procedure, based on a purported violation of the criminal trespass statute by the police. In his sole point of error, Alcocer complains the trial court erred when it failed "to instruct the jury concerning alleged illegality by the trespassing police in obtaining evidence without a search warrant in violation of Art. 38.23(a), Tex.Code of Crim. Proc. [sic] . . ." Alcocer's complaint is the same before both tribunals.

The majority opinion however, refuses to consider the merits of Alcocer's complaint because the argument on appeal in support of his point of error was not made to the trial court. On appeal, Alcocer asserts the jury instruction should have been given because a factual dispute existed concerning a "no trespassing" sign. The sign is clearly visible in a photograph admitted as Defendant's Exhibit 1, yet a police witness denied the sign was present on the day the evidence was seized. During the jury charge conference, the trial judge requested Alcocer to detail what facts concerning the seizure of the drugs were in dispute. Alcocer never mentioned the "no trespassing" sign. The majority seizes upon this failure to avoid addressing the merits of Alcocer's complaint.

To preserve error, our appellate rules simply require that the "complaint was made to the trial court by a timely request . . . that stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX.R.APP. P. 33.1(a)(1)(A). From the context of the discussion during the charge conference, it is clear Alcocer's complaint was that he was entitled to an Article 38.23 instruction because the police illegally trespassed upon his property by proceeding around to his backyard. A plain reading of the record reveals that during the charge conference, the trial judge, prosecutor, and defense attorney were discussing whether Alcocer was entitled to such instruction on that basis. Both sides had presented testimony before the jury that the house was enclosed by a fence that would have provided sufficient notice that entry was forbidden under the criminal trespass statute. *See* TEX. PEN. CODE ANN. § 30.05 (Vernon Supp.2007); *Jackson v. State,* 3 S.W.3d 58 (Tex.App.-Dallas 1999, no pet.) However, the trial judge properly focused the discussion on whether there were sufficient **disputed** facts concerning the seizure of the drug evidence to warrant the Article 38.23 instruction. Because Alcocer did not articulate what facts were in dispute, the trial court denied the instruction. On appeal, in order to support his point of error, Alcocer points to the only apparent fact in dispute concerning the alleged trespass by police-the existence of a "no trespassing" sign. In doing so, Alcocer is not changing the basis of his objection but attempting to demonstrate that the trial court erred in failing to give the requested instruction because there was at least one fact in dispute.

This court should address the merits of Alcocer's point of error. Public confidence in our criminal justice system is eroded when we fail to address the merits of a complaint because we too broadly construe the rules applicable to waiver. By finding waiver, the majority seemingly engrafts a new requirement onto Rule 33.1 of the Texas Rules of Appellate Procedure. Based on its conclusion, the majority appears to require a party not only to object to a court's action and state the ground for the objection, but also to make all supporting arguments to the trial court or else waive such argument on appeal. The presentment of all arguments versus presentment of grounds for the objection has never been required to avoid waiver on appeal.

While Alcocer preserved his complaint, I agree with the trial court that the evidence did not raise a sufficient factual dispute requiring submission of the requested instruction to the jury. Accordingly, I concur in the judgment of this court.