

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-13-00837-CR; 04-14-00121-CR & 04-14-00122-CR

Dorin James **WALKER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2012CR8371B; 2012CR8370B & 2012CR8372B
Honorable Raymond Angelini, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 29, 2014

AFFIRMED

In a single incident, Dorin James Walker shot three different victims.  Two of those victims died.  Walker was charged with various offenses in relation to the three victims, and a jury subsequently convicted Walker of murder, manslaughter, and aggravated assault.  On appeal, Walker raises several complaints relating to the jury charge and also contends the trial judge committed reversible error in entering the jury's deliberation room and communicating with the jury regarding the status of their deliberations.  We affirm the judgments in all three causes.

## BACKGROUND

Walker's brother, Donderick, was friends with Larry Williams. On June 28, 2012, Williams invited Donderick to his apartment. Shortly after Donderick's arrival, Williams left, and Donderick remained in the apartment with Williams's cousin, Stephen Kareem McGowan, and another friend, Deandre Cameron. After Williams failed to respond to repeated phone calls from Donderick over the next few hours, Donderick left and went to his own apartment. Upon arriving at his apartment, Donderick discovered his apartment had been burglarized. Several items were stolen, including a safe containing over $2,000 in cash.

When Donderick accused Williams of the burglary, Williams became angry, and Donderick felt threatened by the messages Williams texted to him. Donderick packed the rest of his belongings and moved to his mother's house where Walker also was living. Although the direct communication between Donderick and Williams ended after a few days, Williams continued to express his anger through social media. After Cameron followed Donderick to his mother's house on July 7, 2012, Donderick again felt threatened and purchased a semi-automatic handgun for protection on July 9, 2012.

On July 10, 2012, McGowan signaled for Donderick and Walker to stop at McGowan's car lot. After a brief conversation, Donderick and Walker left. McGowan called Donderick a short time later and told him Williams would be calling him. Although Williams initially stated that he was going to Donderick's house, he later texted Donderick to meet him at the car lot.

When Donderick and Walker drove to the car lot, Donderick took his new handgun. Upon arriving at the car lot, Walker took the handgun from Donderick and placed the handgun in his pocket. The two then walked up to the carport where McGowan, Williams, and their grandfather, Alvin Mathis, Sr., were playing dominoes. A confrontation ensued, and Walker shot the three men. McGowan was shot five times, and Williams was shot four times. Both men died at the

- 2 -

scene. Mathis was shot once in the side. After the incident, Donderick and Walker fled to Louisiana where they previously lived. Walker subsequently confessed to the shootings but claimed to have acted in defense of himself and Donderick.

After a consolidated trial that lasted several days, a jury found Walker guilty of: (1) murder with regard to Williams; (2) manslaughter with regard to McGowan; and (3) aggravated assault with regard to Mathis. Walker appeals all three convictions.

**JURY CHARGE**

Walker raises several complaints with regard to the jury charge. The State responds that Walker failed to preserve several of the complaints he raises on appeal. The State further responds that the trial court properly charged the jury.

A.       Preservation and Standard of Review

The trial judge has a duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007) ("[T]he judge shall, before the argument begins, deliver to the jury ... a written charge distinctly setting forth the law applicable to the case."). The trial judge has the duty to instruct the jury on the law applicable to the case even if defense counsel fails to object to inclusions or exclusions in the charge. *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011). A jury instruction on a lesser-included offense, however, is not "applicable to the case" absent a request by the defense for its inclusion in the jury charge. *See Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010). The judge does not have a duty, sua sponte, to instruct the jury on lesser-included offenses. *Id.* Accordingly, a defendant cannot complain on appeal about the trial judge's failure to include a lesser-included-offense instruction that he did not preserve by request or objection: "he has procedurally defaulted any such complaint." *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). Similarly, the

trial court has no affirmative duty to instruct the jury on unrequested defensive issues because such defensive issues are not the "law applicable to the case" within the meaning of article 36.14 until requested. *Id*. Therefore, "[a] defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection." *Id*. Finally, if an appellant's argument on appeal regarding a defensive issue or lesser-included offense does not comport with his objection or request at trial, his complaint is not preserved for review. *See Penry v. State*, 903 S.W.2d 715, 753 (Tex. Crim. App. 1995); *Alcoser v. State*, 256 S.W.3d 398, 400 (Tex. App.—San Antonio 2008, no pet.).

After determining that a claim of jury charge error has been preserved for our review, our next step is to determine whether the jury charge contains error. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). For example, if the jury charge contains an instruction on a defensive issue, but the instruction is incorrect, the charge contains error. *Vega*, 394 S.W.3d at 519. If there was an objection to the error, reversal is required if the accused suffered "some harm;" however, if no objection was made regarding the error, reversal is required only if the error caused "egregious harm." *Id*.

B.    Limiting Instruction

Walker asserts that the trial court erred in including a limiting instruction on the defensive issues of self-defense and defense of third person as it related to the charge involving Williams. The instruction about which Walker complains stated:

> The use of force against another is not justified if the actor sought an explanation from or discussion with the other person concerning the actor's differences with the other person while the actor was carrying a weapon unlawfully.

A charge limiting a defendant's right to self-defense or defense of third person is properly given when: (1) self-defense or defense of a third person is an issue; (2) there are facts in evidence to show that the defendant sought an explanation from or discussion with the victim concerning

their differences; and (3) the defendant was unlawfully carrying a weapon. *Hernandez v. State*, 309 S.W.3d 661, 664 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *Lee v. State*, 259 S.W.3d 785, 789 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also* TEX. PENAL CODE ANN. § 9.31(b)(5)(A) (West 2011). On appeal, Walker contends the limiting instruction was improperly given because the evidence contained no fact to show that Walker sought an explanation from or discussion with Williams concerning their differences. Instead, Walker asserts he went to the car lot with Donderick after Williams directed Donderick to go to the car lot.

In Walker's confession, however, he states that he went to the car lot in an effort to talk about the dispute. Walker stated that Williams called his brother, and they were arguing. Walker stated that he took the phone from his brother in an effort to be a peacemaker and invited Williams to their house to talk. Walker then stated that he agreed to meet Williams at the car lot to talk. Walker further stated that he took the gun away from his brother when they arrived at the car lot and told his brother to let him do the talking. Similarly, Donderick testified that he was going to the car lot to confront Williams about the stolen money. Regardless of whether Williams chose the location to continue the discussion, there were "facts in evidence" to show that Walker was seeking a discussion with Williams in an effort to resolve the situation.

C.      Inclusion of Parties' Language in Limiting Instruction

Walker next contends the trial court erred in including parties' language in the limiting instruction. Walker asserts that the differences that existed were between Williams and Donderick, and the limiting instruction should have applied only if Walker sought a discussion regarding differences between Williams and himself, not between Williams and Donderick. The following is the specific language in the charge about which Walker complains:

> … or if you find from the evidence beyond a reasonable doubt that Dorin James Walker sought an explanation from or discussion with Larry Williams concerning Dorin James Walker's, (either acting alone or as a party with Donderick

Renee Walker), differences with Larry Williams while Dorin James Walker was carrying a weapon unlawfully, then you should find against the defendant on the issues of self-defense and defense of a third person…

We reject Walker's argument for three reasons. First, Walker cites no case law that would preclude the trial court from including the parties' language in the limiting instruction, and we could find none. Second, Walker's argument assumes that the dispute between Williams and Donderick had not become a "difference" that Walker had with Williams. Difference is defined as a disagreement of opinion. *Hernandez*, 309 S.W.3d at 664. The evidence at trial established that Walker chose to insert himself in the dispute when Williams began threatening violence against Donderick. Walker clearly had a disagreement of opinion as to whether Williams should use violence against his brother Donderick. Finally, although the charge contained the parenthetical reference to acting as a party with Donderick, the charge still instructed the jury to consider "Walker's" differences with Williams. Accordingly, we overrule this issue.

D.      Defense of Necessity

Walker also contends the trial court erred in refusing his request for an instruction on the defense of necessity pursuant to section 9.22 of the Texas Penal Code. In his brief, Walker argues, "The jury in this case could well have found that [Walker] acted out of necessity in shooting Williams to prevent Williams from killing his brother." The State responds that Walker's complaint on appeal does not comport with the request he made at trial. We agree.

In arguing whether to include a self-defense instruction in the charge because Walker was illegally carrying a gun in seeking a discussion with Williams about their differences, defense counsel argued, "His brother had the gun. He took the gun away from his brother out of necessity." Defense counsel then made the following request:

I'd also request a necessity charge for the unlawful carrying of a weapon. When the Court puts in there that the unlawful carrying of a weapon description

[sic], then it could be a necessity charge applied to that, that there was necessity to, uh, unlawfully carry that weapon.

As previously noted, if an appellant's argument on appeal regarding a defensive issue does not comport with his objection or request at trial, his complaint is not preserved for review. *See Penry*, 903 S.W.2d at 753; *Alcoser*, 256 S.W.3d at 400. In the instant case, defense counsel argued for a necessity defense with regard to Walker carrying the handgun, not necessity with regard to Walker shooting Williams. Because the argument on appeal does not comport with the request made at trial, this complaint is not preserved for our review.

E. Defense of Third Party

Walker next contends the trial court erred in denying his request for an instruction on defense of third party in the jury charges relating to the shooting of McGowan and Mathis. In order for Walker to be entitled to the requested defense, however, the record had to contain evidence that McGowan and Mathis had used or attempted to use force against Donderick. TEX. PENAL CODE ANN. § 9.33 (West 2011); *see also Lee v. State*, No. 2014 WL 3734188, at *6 (Tex. App.—San Antonio July 30, 2014, no pet.); *Sanchez v. State*, 418 S.W.3d 302, 310 (Tex. App.—Fort Worth 2013, pet. ref'd). In this case, the record contained no evidence that either McGowan or Mathis used or attempted to use any force against Donderick. Accordingly, the trial court did not err in denying the requested defensive instruction.

F. Deadly Conduct

In discussing defense counsel's request for the trial court to include the lesser-included offense of deadly conduct in the jury charges relating to the shootings of McGowan and Mathis, defense counsel argued the evidence established that Walker shot the gun recklessly. The offense of deadly conduct can be committed in two ways. TEX. PENAL CODE ANN. § 22.05 (West 2011). First, a person commits the misdemeanor offense of deadly conduct if the person "recklessly

engages in conduct that places another in imminent danger of serious bodily injury." *Id*. at § 22.05(a), (e). Second, a person commits the felony offense of deadly conduct if the person "knowingly discharges a firearm at or in the direction of one or more individuals." *Id*. at § 22.05(b), (e). Although defense counsel requested the lesser-included offense of *misdemeanor* deadly conduct, Walker complains on appeal of the trial court's failure to include the lesser-included offense of *felony* deadly conduct. Accordingly, because Walker's complaint on appeal does not comport with his request at trial, he has not preserved this complaint for our review. *See Penry*, 903 S.W.2d at 753; *Alcoser*, 256 S.W.3d at 400; *see also Morris v. State*, No. 14-06-00564-CR, 2007 WL 2089290, at *4 (Tex. App.—Houston [14th Dist.] 2007, Jul. 24, 2007, no pet.) (holding complaint waived when appellant requested lesser-included offense instruction for felony deadly conduct but complained that trial court erred in refusing to include lesser-included offense instruction for misdemeanor deadly conduct) (not designated for publication). Furthermore, Walker would only be entitled to a charge on the lesser-included offense of felony deadly conduct if there is some evidence in the record that would permit a rational jury to find that, if Walker was guilty, he was guilty only of the lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012). With regard to Mathis, Walker's testimony established that he intentionally shot at Williams; therefore, the record contains no evidence that would support a finding that Walker did not act intentionally in discharging the firearm and acted only knowingly. *See Hage v. State*, No. 08-10-00270-CR, 2013 WL 1846669, at *6 (Tex. App.—El Paso Apr. 30, 2013, no pet.) (holding trial court did not err in denying lesser-included offense of felony deadly conduct to charge of aggravated assault because evidence showed appellant intentionally fired the weapon and no evidence supported finding that he did not act intentionally) (not designated for publication). Similarly, with regard to McGowan, "[t]here is no evidence at all that [Walker] did anything other than cause [McGowan's] death, so no rational jury could find him guilty of deadly conduct without

finding him guilty of homicide." *Price v. State*, No. 14-11-00378-CR, 2012 WL 1964586, at *2 (Tex. App.—Houston [14th Dist.] May 31, 2012, pet. ref'd) (not designated for publication).

## STATUS OF JURY DELIBERATIONS

In his final issue, Walker contends the trial judge erred in entering the jury's deliberation room and inquiring about the status of the jury's deliberations. As Walker's brief notes, the trial judge noted on the record each time he spoke with the jury regarding their status during both phases of the trial. As the State notes, however, defense counsel did not make any objection to the trial judge making these inquiries.

In order to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection or motion which was ruled upon by the trial court. TEX. R. APP. P. 33.1. Because the record does not show that any timely request, objection, or motion was made when the trial judge mentioned the inquiries, Walker's complaint has not been preserved for our review.

## CONCLUSION

The trial court's judgments are affirmed.

Sandee Bryan Marion, Justice

DO NOT PUBLISH