

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00063-CR

STEVIE LYNN TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 24,494-2021

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After Stevie Lynn Taylor was arrested and charged with a family violence assault on his girlfriend, Brittany, he made several threatening telephone calls to her from jail. After receiving the calls, Brittany contacted Wood County Deputy Sheriff Joshua Davis and sought to drop the charges against Taylor. As a result of his actions, Taylor was convicted by a Wood County jury of tampering with a witness in a family violence case (with a previous family violence conviction).[1] After the trial court found that Taylor had one prior felony conviction, it sentenced him to seventy-five years' imprisonment and assessed him a $10,000.00 fine.[2]

On appeal, Taylor complains that the trial court denied him his constitutional right to represent himself in both the guilt/innocence and punishment phases of his trial, that the trial court erred when it denied his request for a limiting instruction to be included in the jury charge, and that the evidence was insufficient to support the trial court's finding that he had the financial resources to offset part or all of his court-appointed attorney fees. Because we find that (1) Taylor failed to clearly, unequivocally, and timely assert his right to self-representation, and (2) Taylor's limiting-instruction complaint was not preserved, we will affirm his conviction. However, because (3) insufficient evidence supports the sufficient-resources finding regarding Taylor's ability to offset part or all of his court-appointed attorney fees, we will delete this finding from the trial court's judgment and affirm the judgment, as modified.

---

[1]*See* TEX. PENAL CODE ANN. § 36.05(a), (e-2).

[2]*See* TEX. PENAL CODE ANN. § 12.42(b).

2

*(1)    Taylor Failed to Clearly, Unequivocally, and Timely Assert His Right to Self-Representation*

In two of his appellate issues, Taylor complains that he was denied his constitutional right to self-representation at both the guilt/innocence and the punishment phases of his trial. In a criminal trial, the Sixth Amendment to the United States Constitution guarantees a defendant the right to self-representation. *Faretta v. California*, 422 U.S. 806, 807, 817–18, 829–30 (1975); *Funderburg v. State*, 717 S.W.2d 637, 641 (Tex. Crim. App. 1986). "However, the right to self-representation does not attach until it has been clearly and [unequivocally] asserted." *Funderburg*, 717 S.W.2d at 642 (citing *Faretta*, 422 U.S. at 835). In addition, the "right to self-representation must be asserted in a timely manner, namely, before the jury is impaneled." *McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997) (citing *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992) (orig. proceeding)).

Taylor claims that he asserted his right to self-representation during the guilt/innocence phase based only on the following exchange, which occurred after the jury was seated, sworn, admonished, and released for the day:

> THE COURT:  Yes, sir?
>
> THE DEFENDANT:  Sir, I want to - -
>
> [Defense Counsel]:  Your Honor, at this time I'm going to make an oral motion to withdraw as counsel of record. The defendant has indicated to me that he believes he can do a better job representing himself in this case than I can.
>
> THE DEFENDANT:  No. I didn't say that. It's just - -
>
> THE COURT:  That will be denied.
>
> THE DEFENDANT:  There's stuff he's not saying to help me.

3

THE COURT: Listen to me, sir. Listen to me. You've got very competent counsel. And I'm not just kidding you on that.

THE DEFENDANT: I know he's competent, sir.

THE COURT: So you need to listen to your counsel, and let's just go from here.

First, and fatal to his claim, Taylor did not timely assert his right to self-representation. The Texas Court of Criminal Appeals has held that this right must be asserted before the jury is impaneled. *McDuff*, 939 S.W.2d at 619. The record shows that the exchange did not occur until after the jury was impaneled and sworn. For that reason, any asserted right to self-representation was untimely and, thus, was forfeited.

In addition, although Taylor argues that the above exchange shows he requested self-representation, we find nothing in the exchange that shows Taylor clearly and unequivocally asserted his right to self-representation. To the contrary, Taylor denied his counsel's statement that he had indicated to counsel that he believed he could do a better job representing himself. Taylor also argues that the trial court understood that he requested to represent himself at trial and that it summarily denied his request. However, this record shows that Taylor's counsel affirmatively made a motion to withdraw and that the trial court denied that motion. Based on this record, because Taylor did not clearly and unequivocally request that he represent himself, we find that his right to self-representation did not attach. *Funderburg*, 717 S.W.2d at 642.

Taylor also claims that he asserted his right to self-representation in the punishment phase of his trial when his attorney advised the trial court that Taylor insisted that he introduce evidence that the trial court had already excluded and that, if counsel did not do so, Taylor did

4

not want counsel to represent him at the hearing. However, in that exchange, Taylor's counsel also stated that he did not believe that Taylor wanted to represent himself and that Taylor's request was that he be appointed a new attorney. There is nothing in the exchange that indicates that Taylor was requesting self-representation, rather than a new attorney.

Since the record shows no assertion of the right before the jury was empaneled and also does not show that Taylor clearly and unequivocally asserted his right to self-representation, we find that the right did not attach. *McDuff*, 939 S.W.2d at 619; *Funderburg*, 717 S.W.2d at 642. We overrule these two issues.

*(2)    Taylor's Limiting-Instruction Complaint Was Not Preserved*[3]

Taylor also complains that the trial court erred when it denied his request to include a limiting instruction in the jury charge regarding the jury's consideration of testimony related to the underlying assault charge.[4] At a hearing before any witnesses were called, Taylor objected to the admission of evidence of the underlying family violence assault under Rule 403 and requested that, if the evidence were admitted, the trial court give a limiting instruction to the jury. The trial court overruled the objection as to evidence of the assault that occurred in Wood County and indicated that it would grant a limiting instruction but would need to consider what that instruction would be.

---

[3]"[P]reservation of error is a systemic requirement that a first-level appellate Court should ordinarily review on its own motion." *Alonzo v. State*, 158 S.W.3d 515, 516 (Tex. Crim. App. 2005).

[4]The State argues that the evidence related to the underlying assault charge was same transaction contextual evidence for which a limiting instruction is not required. *See, e.g.*, *Westbrook v. State*, 29 S.W.3d 103, 114–15 (Tex. Crim. App. 2000). Because this issue was not preserved, we do not address this argument.

After several witnesses had testified, the State called Brittany to testify. When the State first inquired about what happened, the trial court called the attorneys to the bench and inquired whether the State was going to bring in evidence of the assault. The State acknowledged that it was, and Taylor reminded the court that it had granted him a running objection to the testimony, but he did not request a limiting instruction be given to the jury.[5] Brittany then described the assaults. Nevertheless, after the parties rested, Taylor submitted a proposed jury instruction that would limit the jury's consideration of Brittany's testimony, which the trial court denied.[6]

Rule 105 provides that, when the trial court admits evidence that is admissible for one purpose but not for another purpose, "the court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 105(a). The rule also provides that any error in the admission of evidence that is admissible for one purpose, but not for the other, is preserved "only if the party requests the court to restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 105(b)(1).[7]

---

[5]Taylor does not complain that the trial court erred when it did not give a limiting instruction at that time.

[6]The proposed jury instruction read:

> The State of Texas has introduced evidence of extraneous crimes or bad acts other than the one for which Defendant stands charged in the indictment in this case. This evidence was admitted only for the purpose of assisting you, if it does, for the purpose of establishing that the underlying official proceeding involves family violence and that the Defendant had previously been convicted of an offense involve[ing] family violence under the laws of this State or another state. You cannot consider the testimony unless you find and believe beyond a reasonable doubt that the defendant committed these acts. Additionally, you cannot consider the testimony for any other purpose other than to determine whether you believe beyond a reasonable doubt that the underlying official proceeding involves family violence and that the defendant had previously been convicted of an offense that involved family violence under the laws of this state or another state.

[7]In relevant part, Rule 105 of the Texas Rules of Evidence provides:

6

Under Rule 105 of the Texas Rules of Evidence, a request for a limiting instruction must be made by the party "at the moment the evidence is admitted." *Hammock v. State*, 46 S.W.3d 889, 893, 895 (Tex. Crim. App. 2001) (reaffirming, in part, the court's holding in *Garcia v. State*, 887 S.W.2d 862, 878 (Tex. Crim. App. 1994)). "A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes." *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008). In such an instance, the trial court is relieved "of any obligation to include a limiting instruction in the jury charge." *Id.* (citing *Hammock*, 46 S.W.3d at 892–95). Once the evidence is admitted for all purposes, "it is impossible for [the jury] to go back at the close of the trial and reassess the evidence in light of the limiting instruction [given in a jury charge], even if they could appreciate which items of evidence the instruction was supposed to apply to." *Hammock*, 46 S.W.3d at 895 (first alteration in original) (quoting *Rankin v. State*, 974 S.W.2d 707, 711 (Tex. Crim. App. 1996)).

Therefore, to preserve his complaint that the trial court erred in admitting evidence admissible for one purpose, but not another, Taylor was required to request a limiting instruction at the time the evidence was admitted. Even though the trial court held a bench conference when

---

(a) **Limiting Admitted Evidence.** If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly.

(b) **Preserving a Claim of Error.**

(1) **Court Admits the Evidence Without Restriction.** A party may claim error in a ruling to admit evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—only if the party requests the court to restrict the evidence to its proper scope and instruct the jury accordingly.

TEX. R. EVID. 105(a), (b)(1).

7

it became apparent that testimony regarding the assault was imminent, Taylor reiterated only his objection to the testimony and failed to request a limiting instruction be given to the jury.[8] As a result, Taylor failed to preserve any error regarding the trial court's failure to give a limiting instruction in its jury charge. *See* TEX. R. EVID. 105(b)(1). We overrule this issue.

*(3)     Insufficient Evidence Supports the Sufficient-Resources Finding*

The trial court's written judgment contains an "X" placed in a box by a statement that reads, "The Court **FINDS** that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant. Therefore, the Court **ORDERS** Defendant to pay $___ as court costs to the County." Taylor asserts that there is insufficient evidence to support that finding and asks this Court to delete the finding from the judgment. The State concedes that there is insufficient evidence and does not oppose the deletion of that finding.

Article 26.05(g) of the Texas Code of Criminal Procedure gives a trial court the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided, . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit

---

[8]Since it was incumbent on Taylor to request a limiting instruction "at the moment the evidence [was] admitted," *Hammock*, 46 S.W.3d at 893, Taylor's pretrial request for a limiting instruction did not preserve this complaint. As the Court of Criminal Appeals has explained, "Texas courts have frequently stated that the decision of whether to request a limiting instruction concerning the proper use of certain evidence, including extraneous offenses, may be a matter of trial strategy," and "a party might well intentionally forego a limiting instruction as part of its 'deliberate . . . trial strategy to minimize the jury's recollection of the unfavorable evidence.'" *Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007) (citations omitted). Consequently, even though a party may request a limiting instruction on extraneous evidence before trial, it may have strategic reasons to forego the limiting instruction when the evidence is admitted.

8

critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Any finding under Article 26.05(g) must be supported by sufficient evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Further, "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.).

Two months before the trial in this case, the trial court found that Taylor was too poor to employ counsel and appointed him new trial counsel. In addition, four days after the conclusion of the trial, the trial court again found that Taylor was too poor to employ counsel and appointed him appellate counsel. Further, at trial, there was no evidence presented that showed Taylor had sufficient financial resources or an ability to pay any of his court-appointed attorney fees. As a result, we find that the evidence was insufficient to support that finding. We sustain this issue and will modify the judgment by deleting that finding.

We modify the trial court's judgment by deleting the "X" placed in the box by the statement that reads, "The Court **FINDS** that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant. Therefore, the Court **ORDERS** Defendant to pay $_____ as court costs to the County." We affirm the trial court's judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 24, 2022
Date Decided:       November 4, 2022

Do Not Publish