Martin ARAGON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–06–00067–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 7, 2007.

---

Michael D. Robbins, Asst. Public Defender, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, STEVEN C. HILBIG, Justice.

## MEMORANDUM OPINION

Opinion by CATHERINE STONE, Justice.

Martin Aragon was charged as a repeat offender with aggravated assault on a public servant. After returning a guilty verdict, the jury found the enhancement paragraph true and assessed a sentence of 65 years imprisonment. On appeal, Aragon argues that the trial court erred in denying his motion for mistrial, his motions to suppress, and in admitting into evidence an autopsy photo of the child victim in the case alleged for enhancement. We disagree and affirm the decision of the trial court.

### BACKGROUND

At about 4:00 a.m. on June 30, 2004, San Antonio Police Officer Marc Valero pursued and stopped the car Aragon was driving and in which Priscilla Montanez was the passenger. When Valero got out of his car, Aragon displayed a rifle and Valero, fearing for his life, shot Aragon. Aragon subsequently opened fire with his rifle but did not hit Valero. Valero fled for cover and Aragon left the scene, leaving behind the car he was driving. Valero later picked Aragon's picture from a photo lineup.

At about 10:30 a.m. on the same day, Officer Billy Rutland, of the San Antonio Police SWAT team, was told that Aragon was presumed to be at a particular hotel. He arrived at the hotel, located Aragon's room, and learned that he was due to

check out at 11:00 a.m. The police called Aragon on a bull horn but after receiving no response, they obtained a room key and received permission from the hotel manager to enter the room. The SWAT team entered his room around 1:00 p.m. but found that Aragon was not on the premises. Aragon was eventually arrested on January 15, 2005.

Detective Raymond Roberts was the lead detective in the case and searched the vehicle and hotel room without a warrant and found blood and ballistic evidence. Subsequently on February 9, 2005, Roberts obtained a search warrant for either a blood or buccal swab from Aragon. The search warrant was based largely on information Roberts obtained from Montanez. On appeal, Aragon argues that the trial court erred when it denied his motion to suppress the evidence seized from the vehicle and hotel room because it was seized illegally without a warrant. He also claims that the buccal search warrant was obtained illegally because Montanez's testimony was questionable. Aragon also contends that a mistrial should have been granted because of a suggestive punishment statement made by the State's attorney during trial. Finally, Aragon argues that the trial court was wrong in overruling his objection concerning the admission of an inflammatory autopsy photo during the punishment phase of the trial.

## MOTION FOR MISTRIAL

■ In his first issue, Aragon argues the trial court erred when it denied his motion for mistrial during the guilt phase of the trial. Specifically, he claims the prosecutor tainted Aragon's presumption of innocence by interjecting a suggested punishment into his argument. The following colloquy took place:

Mr. Wheat [prosecutor]: You don't even talk to your family, because you can be

caught and you know you're going to get life in prison because you deserve it.

Mr. Garcia [defense counsel]: Judge, I'm going to object to that comment. That's not permissible at this stage of the trial—

The Court: Sustained.

Mr. Garcia:—and I ask for a mistrial.

The Court: Denied.

Mr. Garcia: And request an instruction to disregard.

The Court: Disregard that last comment of the prosecutor.

■ After reviewing the record, we conclude Aragon's objection at trial was not sufficient to preserve the complaint he now raises on appeal. To preserve a complaint for appellate review, a party must have presented to the trial judge a timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX.R.APP. P. 33.1(a)(1)(A). Therefore, an objection must inform the trial judge of the basis of the objection and afford the judge the opportunity to rule. *Purtell v. State,* 761 S.W.2d 360, 365 (Tex. Crim.App.1988); *Castillo v. State,* 79 S.W.3d 817, 827–28 (Tex.App.-Dallas 2002, pet. ref'd), *cert. denied,* 538 U.S. 924, 123 S.Ct. 1593, 155 L.Ed.2d 315 (2003). If a party asserts a different complaint on appeal than the objection made at trial, the party waives the issue on appeal. *Turner v. State,* 87 S.W.3d 111, 117 (Tex.Crim. App.2002) (noting that if trial objection does not comport with appellant's appellate claim, appellant procedurally defaults appellate claim), *cert. denied,* 538 U.S. 965, 123 S.Ct. 1760, 155 L.Ed.2d 519 (2003). Because Aragon did not raise the issue of tainted presumption of innocence at trial,

he failed to preserve this issue for review and we therefore overrule his first issue.

## MOTION TO SUPPRESS

■ In his second and third issues, Aragon asserts that the trial court erred when it denied his motion to suppress the evidence found and seized from the vehicle he had driven because the evidence was obtained without a warrant or valid exception to the warrant requirement in violation of the United States and Texas Constitutions. The State challenges Aragon's standing to argue the suppression issue and contends he had no reasonable expectation of privacy in the vehicle.

■ Whether a defendant has standing to contest a search and seizure is a question of law reviewed *de novo*. *Parker v. State*, 182 S.W.3d 923, 925 (Tex.Crim. App.2006). The burden to prove standing rests with the defendant during the motion to suppress hearing. *State v. Klima*, 934 S.W.2d 109, 110 (Tex.Crim.App.1996). The appellate court may affirm the trial court's ruling denying a motion to suppress on the ground that the appellant failed to establish standing as a matter of law, even though the issue was not considered during the hearing on the motion. *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim.App.1997).

■ To have standing, or a reasonable expectation of privacy, a defendant must show two things: (1) he had an actual, subjective expectation of privacy, exhibited by measures taken to protect the privacy of the property in question; and (2) the subjective expectation of privacy is one that society is prepared to recognize as reasonable. *Chavez v. State*, 9 S.W.3d 817, 819–20 (Tex.Crim.App.2000); *Rogers v. State*, 113 S.W.3d 452, 457 (Tex.App.-San Antonio 2003, no pet.). Here, although Aragon had the keys to the car and was driving at the time of the incident, no evidence was admitted showing that he had permission to possess the vehicle or that he had an actual, reasonable, and subjective expectation of privacy in the searched vehicle. Aragon did not introduce evidence that he owned the vehicle or that the registered owner of the vehicle gave him consent to be in the car. In the absence of such evidence showing that he had a legitimate expectation of privacy in the vehicle, he lacks standing to complain of the search. *See Rodriguez v. State*, No. 01–04–00723–CR, 2005 WL 2850234 *3 (Tex.App.-Houston [1st Dist.] Oct. 25, 2005, no pet.) (mem.op.). Accordingly, we hold that Aragon did not have a reasonable expectation of privacy in the vehicle and its contents so as to have standing to complain of the validity of any search or seizure of the blood and ballistics evidence in question. We overrule Aragon's second and third issues.

■ In his fourth and fifth issues, Aragon contends the trial court erred in denying his pre-trial motion to suppress evidence seized from his hotel room without a warrant in violation of the United States and Texas Constitutions. As noted above, a party does not have automatic standing to challenge a police officer's search and the party bears the burden of proving that he had a legitimate expectation of privacy upon which the police improperly intruded. *Klima*, 934 S.W.2d at 110. Because this is a question of standing, we will review this issue *de novo*. *Parker*, 182 S.W.3d at 925.

■ This issue involves the search of a hotel room in which Aragon claims he had a reasonable expectation of privacy. However, when the terms of a guest's occupancy of a room expire, the guest loses his reasonable expectation of privacy and thus no longer has standing to object to any police search of the premises. *Brimage v. State*, 918 S.W.2d 466, 507 (Tex.Crim.App.

1996). After the terms of occupancy expire, the hotel manager has the right to enter the room and may consent to a search of the room and the seizure of the items therein. *Id.* In the present case, the check-out time at the hotel where Aragon was staying was 11:00 a.m. Officials involved in the search for Aragon did not enter his room until approximately 1:00 p.m. after obtaining a key and consent to search from the hotel manager. Because Aragon's checkout time was 11:00 a.m., he lacked standing and the requisite expectation of privacy needed to challenge the law enforcement officer's entry into his hotel room after this time. Therefore the trial court did not err in denying his motion to suppress evidence found in the hotel room. We overrule Aragon's fourth and fifth issues.

■■■ In his sixth and seventh points of error, Aragon argues that the trial court erred in denying his motion to suppress his DNA evidence because the search warrant used to obtain the buccal swab from which this evidence was derived was not supported by probable cause in violation of the United States and Texas Constitutions. A search warrant may be issued only when there is probable cause for its issuance. TEX.CODE CRIM. PROC. ANN. art 18.01(b) (Vernon 2005). To be valid, a search warrant must be supported by an affidavit setting forth substantial facts establishing probable cause. *Id.* When reviewing the trial court's ruling on a motion to suppress, we give almost total deference to the trial court's determinations of historical facts and credibility, but review *de novo* the trial court's application of the law to the facts when it does not turn on credibility and demeanor. *Johnson v. State,* 68 S.W.3d 644, 652 (Tex.Crim.App.2002).

Aragon specifically claims that the affidavit and search warrant were predicated on information of questionable reliability and therefore the evidence resulting from the search warrant should have been suppressed. The affidavit in support of the search warrant relies on a statement made by Priscilla Montanez, who was Aragon's passenger at the time of the incident. At the pre-trial hearing, Officer Raymond Roberts, who swore to the affidavit, testified that Montanez actually made two different statements to the police and the affidavit was based on her second statement. Roberts stated that he felt that Montanez's first statement was not completely truthful, but that her second statement was believable. Aragon contends that he suffered harm because Montanez's first statement was omitted from the affidavit and was information that was material to the magistrate's determination of probable cause. We disagree.

In *Franks v. Delaware,* the United States Supreme Court held that if an affirmative misstatement is knowingly or recklessly included in a probable cause affidavit and it is material and necessary to establishing probable cause, the warrant is rendered invalid if the remaining content is insufficient to establish probable cause under the Fourth Amendment. 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Garza v. State,* 161 S.W.3d 636, 639 (Tex.App.-San Antonio 2005, no pet.). However, the Texas Court of Criminal Appeals has not extended the *Franks* analysis to omissions. *Garza,* 161 S.W.3d at 639. Aragon has not shown that Officer Roberts knowingly, intentionally or with reckless disregard for the truth, included any material false statements in his affidavit and therefore this affidavit does not come within the purview of the *Franks* rule. *See Brooks v. State,* 642 S.W.2d 791, 796–97 (Tex.Crim.App. [Panel Op.] 1982) (noting that appellant's reliance upon *Franks* is misplaced where the complaint is that the affiant omitted facts about an

informant, rather than knowingly making false statements); *Garza,* 161 S.W.3d at 639–40. Absent this showing, we are limited to examining only the four corners of the affidavit to determine whether probable cause exists. *See Jones v. State,* 833 S.W.2d, 118, 123 (Tex.Crim.App.1992); *Garza,* 161 S.W.3d at 640.

 An affidavit in support of a search warrant must provide the magistrate with sufficient information to support an independent judgment that probable cause exists for the issuance of the warrant. *Jones v. State,* 568 S.W.2d 847, 854 (Tex.Crim.App.1978); *Garza,* 161 S.W.3d at 640. When examining the affidavit, we look toward the "totality of the circumstances" to determine if there is sufficient information to support the probable cause needed for the warrant. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Garza,* 161 S.W.3d at 640. Here, Officer Roberts' affidavit included specific facts, based upon personal observations of Montanez and Officer Valero, that provided the magistrate with a sufficient basis upon which to make a probable cause determination related to Aragon. *See Garza,* 161 S.W.3d at 640 (citing *United States v. Martin,* 615 F.2d 318, 328 (5th Cir.1980) for the proposition that information based upon personal observations of the informant satisfies the requirement to provide facts from which the magistrate can determine that criminal activity was or has taken place, "particularly when the tipster reveals his personal involvement in the criminal undertaking"). Accordingly, the trial court did not err in denying Aragon's motion to suppress evidence from the buccal swab on the basis of a deficient probable cause affidavit. We thus overrule Aragon's sixth and seventh issues.

### ADMISSION OF PHOTOGRAPH

 In Aragon's eighth and ninth issues, he argues that the trial court erred

when it overruled his objections and admitted into evidence an autopsy photo of the child victim in the case alleged for enhancement. Specifically, Aragon alleges that the photo is not relevant and that the probative value of the photo was substantially outweighed by the danger of unfair prejudice. We review the trial court's decision to admit evidence under an abuse of discretion standard. *Resendiz v. State,* 112 S.W.3d 541, 546 (Tex.Crim.App.2003), *cert. denied.* 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 713 (2004). There is no abuse of discretion when the trial court's ruling lies within the zone of reasonable disagreement. *Moses v. State,* 105 S.W.3d 622, 627 (Tex.Crim.App.2003).

During the punishment phase of a criminal trial:

> [E]vidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, not withstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible.

TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (Vernon 2006). Evidence is relevant if it has "any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R. EVID. 401.

 The Texas Rules of Evidence provide that although relevant, evidence may be excluded if "its probative value is substantially outweighed by the danger of

unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX.R. EVID. 403. However, this rule favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Jones v. State,* 944 S.W.2d 642, 652–53 (Tex.Crim.App. 1996); *Legate v. State,* 52 S.W.3d 797, 807 (Tex.App.-San Antonio 2001, pet. ref'd). Therefore, before Rule 403 requires an exclusion of evidence, there must be a marked distinction between the evidence's probative value and any danger of unfair prejudice. *Conner v. State,* 67 S.W.3d 192, 202 (Tex.Crim.App.2001). Unfair prejudice is defined as the undue tendency of the evidence to suggest a decision on an improper basis. *Rogers v. State,* 991 S.W.2d 263, 266 (Tex.Crim.App.1999).

■ Several factors may be considered in determining whether the danger of unfair prejudice substantially outweighs the probative value of photographs, including the number of photographs offered, their detail and size, whether they are black and white or color, whether they are close up, the availability of other means of proof, and the circumstances unique to each individual case. *Sonnier v. State,* 913 S.W.2d 511, 518 (Tex.Crim.App.1995). Ultimately, the admissibility of the challenged photograph is within the sound discretion of the trial court. *Hayes v. State,* 85 S.W.3d 809, 815 (Tex.Crim.App.2002); *Sonnier,* 913 S.W.2d at 519.

The photograph of which Aragon complains is an autopsy photo of a four-year-old girl, Lisa Guevara, who was killed in a drive-by shooting. Aragon was previously convicted of manslaughter in her death. During the punishment phase of the present trial, two law enforcement officials testified about their investigation of Guevara's death and one specifically stated that he was present at Guevara's autopsy. At this point, the State offered into evidence the autopsy photo of Guevara. Aragon's counsel then objected on grounds that the photograph was not relevant and that the prejudicial value of the photograph outweighed its probative value. The trial court found that the photograph was highly prejudicial but that its probative value outweighed its prejudicial value.

■ Photographs are generally admissible if verbal testimony concerning the subject matter of the photograph is admissible. *Williams v. State,* 958 S.W.2d 186, 195 (Tex.Crim.App.1997). Nothing was depicted in the Guevara photograph that was not also included in the testimony of the various witnesses. However, Aragon contends the photograph offered no additional insight into the facts of the prior offense and therefore it was not any more probable than it would have been without the photo. Although the photograph may have been disturbing, it depicts nothing more than the reality of the crime committed. It was therefore relevant and any danger of unfair prejudice did not substantially outweigh its probative value. We conclude the trial court did not err in admitting the photograph and thus overrule Aragon's eighth and ninth issues.

### CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.