

IN THE
TENTH COURT OF APPEALS

_____

No. 10-11-00045-CR

**MARCUS CAIN,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

_____

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2009-1506-C1**

**MEMORANDUM  OPINION**

Marcus Cain entered an open plea of guilty to the offense of evading arrest or detention resulting in the death of another.  TEX. PENAL CODE ANN. § 38.04 (b) (3) (West 2011).  Cain also pleaded true to the enhancement allegations.  The jury assessed punishment at 65 years confinement.  We modify the judgment and affirm as modified.

**Background Facts**

Officer Charles Conner was on patrol when he observed a Chevrolet Caprice swerving and speeding.  Officer Conner called in the license plate on the vehicle, and

the registration was expired. He activated his overhead lights in an effort to stop the vehicle. The vehicle did not stop, and Officer Conner activated his siren and pursued the vehicle. Officer Conner discontinued the pursuit for safety reasons after the vehicle ran two red lights.

Officer Conner observed the vehicle continue on the service road of Interstate 35. He testified that he saw the vehicle veer to the right and that it "ran up over something." Officer Conner stated that the vehicle hit what he thought was the curb and that he saw smoke and a large piece of debris in the road. Officer Conner activated his lights again and notified dispatch of the wreck. As he approached the intersection, Officer Conner realized that it was not debris, but rather the vehicle had struck a person on a bicycle. Officer Conner knew immediately that the person was deceased.

The Chevrolet Caprice did not stop after striking the person on the bicycle, but was later located abandoned near the scene of the accident. Officer Kenneth Reeves arrived with his canine to track the occupants of the vehicle. The canine located Cain in a drainage pipe.

Cain was taken to the police station where he was questioned about the events. Cain gave the officer the names of two females who were also in the vehicle. Cain initially stated that he was not driving because he was intoxicated. Cain had clear plastic baggies on his person containing marijuana.

## Admission of Photographs

In the first issue, Cain complains that the trial court erred in admitting 28 photographs from the scene of the accident. Cain objected to State's Exhibits # 7, 9, 13-

17, 19, 20, 22-25, 27-29, and 33-44.  Joseph Ray suffered major head injuries after being struck by the vehicle driven by Cain.  The State introduced photographs from the scene of the accident that depicted the crime scene and the injuries to Ray.  The photographs were graphic and included brain matter scattered on the pavement and large amounts of blood.  The photographs showed Ray's head which was severely damaged from the impact.

We review the trial court's decision to admit evidence under an abuse of discretion standard.  *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 713 (2004).  There is no abuse of discretion when the trial court's ruling lies within the zone of reasonable disagreement.  *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  Generally, photographs are admissible if verbal testimony about the matters depicted in the photographs would be admissible and their probative value is not substantially outweighed by any of the Rule 403 counter-factors.  *Threadgill v. State*, 146 S.W.3d 654, 671 (Tex. Crim. App. 2004).

The Texas Rules of Evidence provide that although relevant, evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."  TEX. R. EVID. 403.  Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial.  *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006); *Aragon v. State*, 229 S.W.3d 716, 724 (Tex. App.—San Antonio 2007, no pet.).  Therefore, before Rule 403 requires an exclusion of evidence, there must

be a marked distinction between the evidence's probative value and any danger of unfair prejudice. *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001); *Aragon v. State*, 229 S.W.3d at 724. Unfair prejudice is defined as the undue tendency of the evidence to suggest a decision on an improper basis. *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999); *Aragon v. State*, 229 S.W.3d at 724.

Several factors may be considered in determining whether the danger of unfair prejudice substantially outweighs the probative value of photographs, including the number of photographs offered, their detail and size, whether they are black and white or color, whether they are close up, the availability of other means of proof, and the circumstances unique to each individual case. *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995); *Aragon v. State*, 229 S.W.3d at 724.

The color photographs were approximately 8″ by 11″ in size and were both close up and from a distance. Cain did not object to the admission of some of the photographs that he believed adequately portrayed the scene and Ray's injuries. The photographs admitted without objection do not detail the severity of the injuries suffered by Ray. Cain argues that the admission of the 28 photographs was redundant and unnecessary to show the extent of Ray's injuries and the force of the impact.

Due to the force of the impact, brain matter, blood, and skull fragments were scattered on the pavement some distance from Ray's body. The photographs depict the accident scene from various angles, but are not overly repetitive. The photographs generally show a close of view and a distance view of the same content. The varying distances are necessary to show the force of the impact.

The record does not indicate that the State spent an inordinate amount of time admitting the photographs or detailing the gruesome aspects of the photographs. Although the photographs depict gruesome details, they are no more gruesome than the facts of this case. *See Shuffield*, 189 S.W.3d at 788; *Latimer v. State*, 319 S.W.3d 128, 134 (Tex. App.—Waco 2010, no pet.).

The photographs were relevant for the jury to assess a proper punishment as they show the results of Cain's actions. The evidence did not suggest a decision on an improper basis. The trial court did not abuse its discretion in admitting the photographs. We overrule Cain's first issue.

### Admission of Cell Phone

In his second and third issues, Cain argues that the trial court abused its discretion in overruling his motion to suppress challenging the admissibility of his cell phone and text messages. Cain argues that the cell phone was impermissibly seized in violation of his rights under the United States and Texas Constitutions.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on

an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id*.

The trial court held a hearing on Cain's motion to suppress. At the hearing, Detective John Clark testified that he responded to the scene of the accident after receiving a call that there was a fatality. Detective Clark took Cain back to his office for an interview. Detective Clark informed Cain that he was free to leave and that he could terminate the interview at any time. Detective Clark read Cain the *Miranda*[1] warnings, and Cain stated that he understood those rights.

Detective Clark testified that he asked Cain if he had a cell phone. Cain indicated that he did, and Detective Clark asked if he could see the phone. Cain handed his cell phone to Detective Clark. Cain watched Detective Clark look through the cell phone, and assisted Detective Clark in looking through it. Cain never asked for the phone back or asked Detective Clark to stop looking through the phone. Detective Clark testified that he believed he had consent to look through Cain's cell phone. The cell phone contained text messages that indicated Cain was driving the vehicle that struck Ray and that he was hiding from the police.

Under the Fourth and Fourteenth Amendments, a search conducted without a warrant based on probable cause is per se unreasonable subject only to a few specifically established and well-delineated exceptions. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Meekins v. State*, No. PD-0261-10, 2011

---

[1] *Miranda v Arizona*, 384 U.S. 436 (1966).

WL 1663151, (Tex. Crim. App. May 4, 2011). One of those exceptions is a search conducted with the person's voluntary consent. *Schneckloth*, 412 U.S. at 219, 93 S.Ct. 2041. The validity of a consent to search is a question of fact to be determined from all the circumstances. *Schneckloth*, 412 U.S. at 219, 93 S.Ct. 2041; *Meekins v. State*, at *3. A person's consent to search can be communicated to law enforcement in a variety of ways, including by words, action, or circumstantial evidence showing implied consent. *Meekins v. State*, at *3. The Fourth and Fourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force. *Schneckloth*, 412 U.S. at 228, 93 S.Ct. 2041; *Meekins v. State*, at *3. The voluntariness of a person's consent is also a question of fact that is determined by analyzing all of the circumstances of a particular situation. *Meekins v. State*, at *3.

Under federal law, the government must show voluntary consent by a preponderance of the evidence, but Texas has long stated that the State must prove the voluntariness of a consent to search by clear and convincing evidence. *Meekins v. State*, at *3; *State v. Ibarra*, 953 S.W.2d 242, 245 (Tex. Crim. App. – 1997). While this burden differs somewhat from that employed in the federal system, the legal analysis is the same in both Texas and federal courts: whether consent was voluntary is a factual question and must be analyzed based on the totality of the circumstances. *Meekins v. State*, at *3.

Cain was informed of his right to leave the interview and to terminate the interview at any time. Cain handed Detective Clark his cell phone and assisted Detective Clark in looking through the phone. There is nothing to suggest that

Detective Clark coerced Cain to cooperate. The record supports a finding by clear and convincing evidence that Cain consented to the search of his cell phone. We overrule Cain's second and third issues.

## Extraneous Offense Evidence

In his fourth issue, Cain complains that the trial court abused its discretion by permitting the State to question him on cross examination about his purchase of marijuana. Cain testified on direct examination that he was selling marijuana at an apartment complex on the night of the offense. Cain further testified that he panicked when he saw the lights on the police car because he had both an open container and marijuana in the vehicle. On cross-examination, the State asked Cain where he got the marijuana. Cain responded that he could not remember. The State then asked if he purchased it from the same person every time and if he went to a certain area of Waco. Cain responded that he did not believe it was relevant and that he could not answer because he does not know the answer. Cain's attorney objected to relevance, and the trial court overruled the objection. The State then asked "Who would you buy your weed from?" Cain responded that he did not know. He could not remember names, but possibly could remember nicknames.

Cain specifically argues on appeal that the trial court abused its discretion in allowing the State to question Cain about the names of persons from whom he purchased marijuana. Cain argues evidence of the details of extraneous bad acts is admissible at punishment, but is limited to the elements of the offense. The State questioned Cain without objection on where he bought the marijuana and if he

purchased it from the same person every time. Cain has waived his complaint for appellate review. TEX. R. APP. P. 33.1 (a). We overrule Cain's fourth issue.

## Attorney Fees

In the fifth issue, Cain argues that the evidence is insufficient to prove he has the financial means to pay his court appointed attorney's and investigator's fees. The State concedes that there is insufficient evidence to support the assessment of the fees. We sustain the fifth issue. We modify the judgment to delete the finding that orders Cain to pay his court appointed attorney's and investigator's fees.

## Conclusion

We modify the trial court's judgment to delete the finding that orders Cain to pay his court appointed attorney's and investigator's fees. We affirm the judgment as modified.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed as modified
Opinion delivered and filed October 12, 2011
Do not publish
[CRPM]