

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00530-CR

Oscar David **PARDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5260
Honorable Ron Rangel, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 17, 2014

AFFIRMED

A jury convicted appellant Oscar David Pardo of injury to a child.  The trial court sentenced Pardo to forty years' confinement and assessed a $1,500.00 fine.  On appeal, Pardo contends the trial court erred in: (1) granting the State's challenges for cause as to two venire members; and (2) admitting evidence of alleged extraneous offenses in violation of Rule 403 of the Texas Rules of Evidence.  We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the facts is unnecessary to our disposition. Accordingly, we provide a brief background for context in relation to the issues raised.

Pardo and his girlfriend lived with Pardo's parents. The girlfriend had two children from a previous relationship — a five-year-old boy and a five-month-old boy. On one occasion, while the girlfriend was at school, Pardo's parents and the five-year-old left the house, leaving Pardo with the infant, O.M. When his parent's returned, they discovered O.M. was injured. O.M. was taken to the emergency room where he was diagnosed with a subdural hematoma, requiring surgery and a two-month hospital stay. Pardo testified the infant was injured while he was bathing him. According to Pardo, when the child was splashed with water, he jumped back and struck his head.

The Texas Department of Family and Protective Services ("the Department") became involved, removing O.M. from the home. Under the reunification plan established by the Department, O.M.'s mother was required to keep the children away from Pardo. Pardo was ultimately charged with injury to a child.

During the voir dire proceedings, venire member number 8 admitted he was biased against the State, and venire member number 17 admitted he could not sit in judgment of another. Pardo's attorney had an opportunity to question each venire member about their admissions. The State challenged each venire member for cause. Pardo objected to the State's challenges and requested an opportunity to rehabilitate the challenged members. The trial court overruled Pardo's objection and dismissed both venire members. Pardo's attorney then asked for additional peremptory strikes, which the trial court denied.

At trial, the State called six witness. One of the witnesses was a caseworker for the Department who was involved with O.M. and his mother. The caseworker testified that because

Pardo was suspected of abusing O.M., the child's mother "was not allowed to let the children have access to Mr. Pardo." The caseworker also testified the mother's parental rights to O.M. were ultimately terminated because of physical abuse.

After the caseworker provided some testimony without objection, Pardo's attorney asked to approach the bench to discuss the caseworker's testimony. During an *in camera* hearing, the parties and the trial court discussed the boundaries of the questions the State intended to pose to the Department caseworker. Pardo objected to the proposed testimony on grounds of relevancy and lack of probative value. The record establishes the trial court understood the objection to be a Rule 403 objection and conducted a balancing test, weighing the probative value of the testimony against the potential prejudicial impact. The trial court concluded the probative value of the evidence outweighed any potential prejudicial effect and permitted the State's questioning to continue over Pardo's objection.

Ultimately, the jury convicted Pardo of injury to a child, and the trial court sentenced him to forty years' confinement. Thereafter, Pardo perfected this appeal.

### ANALYSIS

As noted above, Pardo complains about events during the voir dire process and the admission of the caseworker's testimony. More specifically, Pardo contends the trial court erred in: (1) granting the State's challenge for cause as to venire member number 8; (2) granting the State's challenge for cause as to venire member number 17; and (3) admitting evidence of extraneous alleged offenses because the prejudicial effect of the evidence outweighed the probative value.

***Venire Members Dismissed for Cause***

*Standard of Review*

We review the entire record of the voir dire proceedings to determine if the trial court properly granted a challenge for cause. *Gonzales v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011). An appellate court must give great deference to the trial court's decision to grant a challenge for cause "because the trial judge is present to observe the demeanor of the venireperson and to listen to his tone of voice." *Id.* Therefore, we reverse a trial court's ruling on a challenge for cause only if it is evident the court committed a clear abuse of discretion. *Id.*

*Application*

In his first two issues, Pardo contends the trial court erred in granting two of the State's challenges for cause. Venire member number 8 was dismissed because he expressed bias against the State. Venire member 17 was dismissed because he expressed an inability to sit in judgment of another. Pardo also contends the trial court should have permitted him an opportunity to rehabilitate the venire members before they were summarily dismissed and given him two additional peremptory strikes. The State counters, arguing the venire members were properly dismissed because both expressed an inability to follow the law, and Pardo had an opportunity to rehabilitate the venire members, but could not.

The Texas Code of Criminal Procedure ("the Code") permits either the State or the defense to challenge a particular venire member for cause. TEX. CODE CRIM. PRO. ANN. art. 35.16 (West 2006). The Code provides that a venire member may be challenged for cause when he "has a bias or prejudice in favor of or against the defendant . . . [or] the law upon which either the State or the defense is entitled to rely." *Id.* art. 35.16(a)(9), (c)(2). The test is whether the venire member's bias or prejudice would substantially impair his ability to follow his oath and the instructions of the court. *Gonzales*, 353 S.W.3d at 831–32.

- 4 -

"To show error in a trial court's grant of [the] [S]tate's challenge of a potential juror for cause, a defendant must demonstrate one of two things: (1) the trial judge applied the wrong legal standard in sustaining the challenge, or (2) the trial judge abused his discretion in applying the correct legal standard." *Williams v. State*, 417 S.W.3d 162, 173 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing *Jones v. State*, 982 S.W.2d 386, 388 (Tex. Crim. App. 1998)). "The erroneous excusing of a potential juror will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury." *Williams*, 417 S.W.3d at 173 (citing *Jones*, 982 S.W.2d at 394).

1. *Venire Member Number 8*

Pardo first argues, with regard to venire member number 8, that the bias of a juror is not dependent on whether a potential juror is merely "for one side or the other." However, venire member number 8's responses and admissions went beyond being "for one side or the other." When specifically asked if he was biased against the District Attorney's office because of its handling of a prior case involving his son, he said, "Yes." The trial court followed up on the venire member's response, asking for clarification: "What you said, sir, is that you would be biased against the State in this trial. That's what you said, right?" The venire member replied, "That is correct." The venire member was then questioned by Pardo's attorney, who explained his case was nothing like the case involving the venire member's son. Pardo's attorney then asked if the venire member could follow the trial court's instructions, the law, and apply the evidence to the law. The venire member responded, "Probably not." Pardo's attorney then asked if the venire member could be certain one way or the other, and the venire member said he could not. Because bias against one side or the other is a proper ground for a challenge for cause under the Code, we hold the trial court did not abuse its discretion in granting the State's challenge for cause and dismissing venire member number 8. *See* TEX. CODE CRIM. PRO. ANN. art. 35.16(a)(9).

As to the failure to allow Pardo to rehabilitate the potential juror, Pardo's attorney was permitted to question venire member number 8, and the venire member persisted in his statement of bias against the State. In fact, it was during the attempted rehabilitation by Pardo's attorney that venire member number 8 fully expressed his bias against the State, admitting he could not follow the court's instructions or the law. We cannot say the trial court abused its discretion in foreclosing additional attempts at rehabilitation.

With regard to the request for an additional peremptory strike because of the challenge for cause relating to venire member number 8, we have already determined the trial court did not err in granting the State's challenge for cause. Admittedly, when a trial court makes an erroneous ruling on a defendant's challenge for cause, the defendant is harmed because he has been effectively denied one of his statutorily allotted peremptory challenges. *Gonzalez*, 353 S.W.3d at 831. Here, however, the trial court properly granted the State's challenge for cause. Thus, Pardo was not deprived of any of his allotted peremptory challenges — he had the same number of challenges left when venire member number 8 was dismissed as he had before venire member number 8 was dismissed. *See id.* Accordingly, there was no need to award Pardo additional peremptory challenges.

2. *Venire Member Number 17*

As to venire member number 17, Pardo contends that statements made by venire member 17 during voir dire did not equate to "bias or prejudice against the law upon which the State is entitled to rely." *See* TEX. CODE CRIM. PRO. ANN. art. 35.16(c)(2). After reviewing the record, the essence of the statements made by venire member number 17 was that he could not follow the law because he could not sit in the judgment of another person. When asked whether he would follow the law and apply the law to the facts, venire member number 17 expressed that he absolutely could not do it. Thus, venire member number 17 expressed prejudice, in essence, against all phases

of the applicable law. Because bias or prejudice against any law upon which the State intends to rely is a proper ground for a challenge for cause under the Code, we hold the trial court did not abuse its discretion in granting the State's challenge for cause and dismissing venire member number 17. *See Gonzales*, 353 S.W.3d at 831.

As to the failure to allow Pardo's attorney to rehabilitate the potential juror, just as with venire member number 8, Pardo was permitted to question venire member number 17, and he again expressed his discomfort with judging another. Thus, we cannot say the trial court abused its discretion in refusing to permit Pardo further attempts at rehabilitation.

And, as before, with regard to the request for an additional peremptory strike, because we have held the trial court did not err in granting the State's challenge for cause as to this second potential juror, Pardo was not deprived of any of his allotted peremptory challenges. *See Gonzalez*, 353 S.W.3d at 831. Thus, there was no need for the trial court to award Pardo additional peremptory challenges. *See id*.

## *Conclusion*

Having reviewed the entire record of the voir dire proceedings, we conclude the trial court did not abuse its discretion in granting the challenges for cause based on the provisions of the Code cited above. Furthermore, Pardo was not entitled to additional peremptory strikes based on the granting of the challenges for cause. Accordingly, we overruled Pardo's first and second issues.

## *Admission of Evidence — Rule 403*

In his final issue, Pardo contends the trial court erred in admitting the testimony of the Department caseworker because it violated Rule 403 of the Texas Rules of Evidence.[1] Prior to

---

[1] We note that in his appellate brief, Pardo cites Rule 404(b) of the Rules of Evidence, which governs the admissibility of extraneous offense evidence. *See* TEX. R. EVID. 404(b) (stating evidence of other crimes, wrongs or acts is not admissible to prove character of person to show action in conformity therewith, but may be admissible for other purposes). However, after reviewing his brief, we conclude that Pardo is challenging only the admissibility of the

conducting any substantive analysis, we note that the State contends this error was not preserved for this court's review. We agree.

*Preservation of Error*

Pardo alleges that after his Rule 403 objection, and before any medical witness testimony, the jurors were "conditioned to believe that [he] was a danger to the child." Specifically, he contends evidence was improperly admitted regarding the Department's suspicion that he abused O.M., as well as evidence relating to the Department's requirement that O.M.'S mother keep her children away from Pardo. However, Pardo fails to note that during the Department caseworker's testimony, the same evidence he later complained of, and complains of now on appeal, was admitted, *without objection*. Before Pardo lodged any objection, the Department caseworker testified O.M. "was removed for physical abuse." She also testified that Pardo, "the mother's paramour," was suspected of abusing the child. Additionally, she testified about the Department's investigation and the family plan in place for the mother to achieve reunification. Still further, she testified that one requirement in the family plan was that "[O.M.'s mother] was not allowed to let the children have access to Mr. Pardo." The trial court, having heard this unobjected to evidence, concluded, "[s]ince the issue of termination has already been brought forward before the jury, I'll let the State inquire as to why the termination occurred."

"An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509. (Tex. Crim. App. 2003). Here,

---

caseworker's testimony based on Rule 403 of the Texas Rules of Evidence. Even if we were to conclude Pardo presented argument in his brief with regard to Rule 404(b), we would hold Pardo did not preserve this issue for our review because he failed to make a Rule 404(b) objection at trial. The trial court concluded Pardo's objection was based on Rule 403, stating, "I'm conducting a 403 balancing test and I'll allow the testimony. . . ." Pardo did not attempt to correct the trial court's conclusion or otherwise object based on Rule 404(b). An argument on appeal that does not comport with the objection at trial is waived. *Lyssy v. State*, 429 S.W.3d 37, 40 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (quoting *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)).

Pardo failed to object to the same testimony he later claimed was more prejudicial than probative. Thus, we hold any error by the trial court in admitting the objected-to testimony was cured. Accordingly, we hold Pardo has failed to preserve this issue for our review. However, even if Pardo had preserved error, we nevertheless would hold the trial court did not err in admitting the evidence over his Rule 403 objection.

*Standard of Review*

We review a trial court's decision to admit extraneous offense evidence over a Rule 403 objection under the abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse, and the ruling must be upheld. *Id.* at 343–44 (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). If the trial court's ruling is correct on any legal theory, it will be upheld. *De La Paz*, 279 S.W.3d at 344.

*Applicable Law*

Rule 403 favors the admission of relevant evidence. *Aragon v. State*, 229 S.W.3d 716, 724 (Tex. App.—San Antonio 2007, no pet.). Moreover, the rule presumes relevant evidence is more probative than prejudicial. *Id.* Relevant evidence tends to make facts that are significant to a determination of guilt more or less likely than they would be if the evidence did not exist. *See Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007); Tex. R. Evid. 401. Nevertheless, even relevant evidence must be excluded under Rule 403 if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403; *see Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Evidence is inadmissible under Rule 403 when it suggests the fact finder should make a decision on an improper basis. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000).

In determining a Rule 403 issue, we must consider the probative value of the evidence, its potential to improperly affect the jury, the time the State uses to develop the evidence, and the State's need for the evidence. *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006); *see Gigliobianco*, 210 S.W.3d at 641–42. With these factors in mind, we begin our analysis.

*Application*

During the State's questioning of the Department caseworker, Pardo objected to the probative value of the caseworker's testimony as opposed to its potential prejudicial effect. Out of the presence of the jury, the court conducted an *in camera* hearing to determine the boundaries of the proposed testimony. The trial court conducted a Rule 403 balancing test and concluded the evidence outlining the Department's investigation into the abuse of O.M. and the termination of his mother's parental rights was more probative than prejudicial. Pardo contends this testimony was highly prejudicial because it creates a presumption of guilt based on extraneous offenses. We hold the trial court did not err in admitting the caseworker's testimony.

As we noted in our analysis of the waiver issue, the evidence Pardo claims violates Rule 403 is simply a development of evidence already heard by the jury. Because the evidence was so substantially similar to evidence already admitted, we cannot conclude the evidence had the potential to improperly affect the jury. Additionally, the trial court could have reasonably determined that evidence developed from previously admitted testimony, which was directly related to circumstances surrounding the abuse of O.M., was probative. *See Shuffield*, 189 S.W.3d at 787; *Gigliobianco*, 210 S.W.3d at 641–42. The testimony established Pardo's restricted access to O.M., and his involvement in the Department's investigation into the alleged abuse of O.M. We cannot say that in a case where the defendant is on trial for injury to a child, the trial court abuses its discretion in finding evidence relating to the Department's investigation into that precise set of circumstances is relevant.

Furthermore, this evidence was submitted to establish the continuing nature of the abuse that ultimately led to the termination of the mother's parental rights based on her failure to prevent Pardo's access to O.M. The need for the State to establish the continuing abuse of O.M. was important in dispelling reasonable doubt that could arise from Pardo's explanation of the cause of O.M.'s initial injury. Thus, the State's need for the Department caseworker's testimony was significant. *See Shuffield*, 189 S.W.3d at 787; *Gigliobianco*, 210 S.W.3d at 641–42.

Finally, the time needed to develop the evidence of Pardo's involvement in the Department's investigation into the abuse of O.M. was *de minimis*. *See Shuffield*, 189 S.W.3d at 787; *Gigliobianco*, 210 S.W.3d at 641–42. The State, in approximately two pages of testimony, questioned the caseworker about the Department's investigation and established that the reason for the termination of the mother's parental rights was because she continued to allow Pardo unsupervised access to O.M. The testimony of the caseworker and the arguments of the parties regarding that testimony comprised, at most, seven pages of the three volume record, which included nearly two hundred pages of testimony. Accordingly, we hold the evidence relating to the Department's investigation into Pardo's abuse of O.M. clearly did not consume an inordinate amount of time. *See Shuffield*, 189 S.W.3d at 787; *Gigliobianco*, 210 S.W.3d at 641–42; *cf. Newton v. State*, 301 S.W.3d 315, 320–21 (Tex. App.—Waco 2009, pet. ref'd) (discussing amount of time needed to develop complained of evidence).

After reviewing the probative value of the evidence relating to the caseworker's testimony, its potential effect on the jury, the State's need for the evidence, and the time taken by the State to develop it, we hold the trial court's decision to admit the evidence relating to the caseworker's testimony was not outside the zone of reasonable disagreement.

## CONCLUSION

Based on the foregoing, we overrule Pardo's issues and affirm the trial court's judgment.


Marialyn Barnard, Justice

Do Not Publish