

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00911-CR

Terry Larance **JACKSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR10320
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED AS MODIFIED

A jury convicted appellant Terry Larance Jackson of murder.  The trial court sentenced Jackson to imprisonment for life.  On appeal, Jackson raises two issues, contending: (1) the trial court erred in admitting into evidence two autopsy photographs because the prejudicial effect of the photographs outweighed their probative value; and (2) the evidence is legally insufficient to support the trial court's assessment of attorney's fees.  We affirm the trial court's judgment as modified.

## BACKGROUND

A detailed rendition of the underlying facts is unnecessary to the disposition of the appeal. Accordingly, we provide a brief factual and procedural background for context.

The record establishes Jackson and Veronica Gonzales were once involved in a relationship. After the relationship ended, Jackson continued to pursue Gonzales, checking on her whereabouts and continuously calling her. Gonzales described it as "stalking."

Eventually, Gonzales began seeing another man, Juan Ricardo Cuenca. One night, when Cuenca brought Gonzales home, Jackson showed up. The evidence established Jackson stabbed Cuenca numerous times, resulting in Cuenca's death.

Jackson was arrested for Cuenca's murder and ultimately indicted by a grand jury. After a jury trial, Jackson was found guilty and sentenced to life in prison. Jackson then perfected this appeal.

## ANALYSIS

Jackson raises two issues on appeal. First, he contends the trial court erred in admitting into evidence two autopsy photographs because their prejudicial effect far outweighed their probative value. *See* TEX. R. EVID. 403. Second, Jackson claims the evidence is legally insufficient to support the trial court's assessment of attorney's fees.

### *Admission of the Autopsy Photographs*

Jackson first complains the trial court should not have admitted State's Exhibits 45 and 50, autopsy photographs of the victim, because their probative value was outweighed by the potential for undue prejudice. *See* TEX. R. EVID. 403. He argues the autopsy photographs were overly prejudicial because they depicted not only the victim's stab wounds, but the incision from the thoracotomy surgeons performed in an attempt to save the victim's life.

*Standard of Review*

We review a trial court's decision to admit photographs under an abuse of discretion standard. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). A trial court abuses its discretion if no reasonable view of the record could support its ruling. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). We reverse a trial court's ruling on the admission of evidence only if it was outside the zone of reasonable disagreement. *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (opin. on reh'g). An appellate court should be reluctant to reverse a trial court's decision on the admission or exclusion of evidence. *Montgomery*, 810 S.W.2d at 378.

*Applicable Law*

A photograph is generally admissible if oral testimony as to matters depicted in the photograph is also admissible. *Gallo*, 239 S.W.3d at 762. That is, if the oral testimony is relevant, photographs depicting the same testimony are also relevant. *Id.* Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* (quoting TEX. R. EVID. 401). It is accepted by Texas courts that photographs of the injuries inflicted on a victim are relevant to a jury's determination of innocence or guilt. *Gallo*, 239 S.W.3d at 762. The relevance of the photographs is not lessened simply because the jury also heard testimony about the same injuries. *Id.*

Texas Rule of Evidence 403 favors the admission of relevant evidence and "carries a presumption that relevant evidence will be more probative than prejudicial." *Aragon v. State*, 229 S.W.3d 716, 724 (Tex. App.—San Antonio 2007, no pet.) (citing *Jones v. State*, 944 S.W.2d 642, 652–53 (Tex. Crim. App. 1996); *Legate v. State*, 52 S.W.3d 797, 807 (Tex. App.—San Antonio 2001, pet. ref'd)). However, pursuant to Rule 403, otherwise relevant evidence may be excluded

when its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403; *see Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). "Evidence is unfairly prejudicial when it has 'an undue tendency to suggest that a decision be made on an improper basis.'" *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000) (quoting *Montgomery*, 810 S.W.2d at 389). When a court is asked to determine whether the probative value of photographs is substantially outweighed by the danger of unfair prejudice, it may consider several factors, including: "the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up, and whether the body depicted is naked or clothed." *Gallo*, 239 S.W.3d at 762. A court must also consider "[t]he availability of other means of proof and the circumstances unique to each individual case." *Id.* These considerations are part of the Rule 403 analysis, allowing the court to determine: (1) how probative the evidence is; (2) the potential for the evidence to affect the jury in some irrational, indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006); *Bibbs v. State*, 371 S.W.3d 564, 575 (Tex. App.—Amarillo 2012, pet. ref'd), *cert. denied*, 133 S.Ct. 1591 (2013). The court of criminal appeals reaffirmed the four factors in its *Gigliobianco* opinion, but restated the four factors as six. 210 S.W.3d at 641–42. However, this does not appear to be a substantive change. *See Newton v. State*, 301 S.W.3d 315, 319 n.3 (Tex. App.—Waco 2009, pet. ref'd).

Autopsy photographs are generally admissible unless they depict some mutilation caused by the autopsy itself. *Rayford v. State*, 125 S.W.3d 521, 529 (Tex. Crim. App. 2003). However, if the troubling nature of the photographs is due primarily to the injuries caused by the defendant, then the changes to the body caused by the autopsy are only of minor significance. *See Hayes v.*

*State*, 85 S.W.3d 809, 816 (Tex. Crim. App. 2002) (*citing Santellan v. State*, 939 S.W.2d 155, 173 (Tex. Crim. App. 1997)).

*Application*

Jackson contests the introduction of the autopsy photographs — State's Exhibits 45 and 50 — because they show not only the victim's stab wounds, but also a large gash in the victim's chest from a thoracotomy procedure used by surgeons in an attempt to save the victim's life. Jackson contends autopsy photographs are not admissible when the victim has been mutilated during the autopsy itself and therefore the photographs depicting the wound caused by the thoracotomy should be inadmissible as well. *See Rayford*, 125 S.W.3d at 529; *Santellan*, 939 S.W.2d at 172. Jackson claims the testimony of the medical examiner and the other autopsy photographs were sufficient for the jury to determine the victim had perished from his stab wounds and the additional pictures were only used to inflame the jury. *See* TEX. R. EVID. 403.

The autopsy photographs in questions were used demonstratively to accompany verbal testimony by a medical expert. In addition, the photographs did not contain any mutilations caused by the autopsy itself. Rather, the photographs depict stab wounds caused by the actions of the defendant, as well as one incision caused by a medical procedure in an attempt to save the victim's life. It appears Jackson contends that because a wound caused by a medical procedure was depicted in the autopsy photographs, the prejudicial effect outweighs the probative value of the photographs. We disagree.

As noted above, because photographs are generally admissible when accompanied by verbal testimony, particularly when that testimony is from a medical expert used to explain a victim's wounds, Jackson's burden of proving the trial court abused its discretion is substantial. The autopsy photographs had significant probative value, showing Jackson repeatedly stabbed the victim, which is certainly useful to a jury in determining guilt. Furthermore, we hold the

photographs were not likely to affect the jury in some irrational way — jurors already knew Jackson had been stabbed numerous times. *See Shuffield*, 189 S.W.3d at 787; *Bibbs*, 371 S.W.3d at 575. The photographs were demonstrative pictorial evidence used to accompany the medical testimony regarding the number and type of stab wounds of the victim. Additionally, the gruesomeness of the photographs, given the circumstances of the murder, was minimal and unlikely to "inflame" a jury who was already hearing testimony about a victim who was stabbed fifteen times.

After reviewing the factors relevant to admission of autopsy photographs, we cannot conclude that the photographs at issue had a prejudicial effect that far outweighed their probative value. Accordingly, we hold the trial court did not err in admitting the autopsy photographs.

### *Attorney's Fees — Sufficiency*

Jackson next contends the evidence is legally insufficient to support the imposition of attorney's fees. In its judgment, the trial court assessed court costs in the amount of "$334.00 PLUS ATTY FEES." Under Article 26.05(g) of the Texas Code of Criminal Procedure, "the defendant's financial resources and ability to pay are critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Cates v. State*, 402 S.W.3d 205, 251 (Tex. Crim. App. 2013) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *see* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). Article 26.05(g) requires a present factual determination of the defendant's financial resources without speculation regarding possible future resources. *See Cates*, 402 S.W.3d at 252; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g).

Here, the trial court appointed trial counsel to represent Jackson, and the court would not have done so unless Jackson was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04 (stating criminal defendants are not entitled to court appointed counsel unless they are indigent). Once he

was determined to be indigent, Jackson is presumed to have remained indigent for the remainder of the proceedings absent a factual determination of a material change in his financial circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Cates*, 402 S.W.3d at 251.

There is nothing in the record to suggest a factual finding by the trial court regarding a change in Jackson's financial circumstances, and no evidence to that effect. Moreover, a change in financial circumstances is belied by the fact that the trial court, after Jackson's conviction, appointed appellate counsel for Jackson. The State agrees that Jackson's indigent status precluded the assessment of attorney's fees as court costs. Accordingly, we hold there is no evidence in the record to rebut Jackson's presumed indigency. We therefore sustain this issue and reform the judgment and the bill of costs to delete the assessment of attorney's fees against Jackson. *See Solomon v. State*, 392 S.W.3d 309, 311 (Tex. App.—San Antonio 2012, no pet.).

## CONCLUSION

Based on the foregoing, we affirm the judgment as modified, specifically modifying the trial court's judgment to eliminate the imposition of attorney's fees against Jackson.

Marialyn Barnard, Justice

Do Not Publish