

**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-15-00317-CR**

———————————

**ANDREAS MARCOPOULOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1440970**

---

**CONCURRING OPINION**

When the legality of a search is in issue, the defendant bears the burden of proving that his privacy rights were violated. *Rakas v. Illinois*, 439 U.S. 128, 130 n. 1, 99 S. Ct. 421, 423 n. 1 (1978) (stating proponent of motion to suppress has burden of establishing his Fourth Amendment rights were violated); *Wilson v.*

*State*, 692 S.W.2d 661, 669 (Tex. Crim. App. 1984) (opinion on rehearing) (stating defendant's privacy interest in area searched is substantive element of Fourth Amendment claim on which he bears burden). To challenge a search, a defendant must have a legally protected right to the expectation of privacy. This is accomplished by showing an ownership or possessory interest in the area searched. *See Rakas*, 439 U.S. at 148, 99 S. Ct. at 433.

I concur in the judgment only because I do not believe that merely driving a vehicle, without more, is sufficient to show a legitimate expectation of privacy in it. Here, there is no evidence that appellant either owned the car, or that he legitimately possessed it. I do not believe that silence on this issue is sufficient to carry appellant's burden of showing a reasonable expectation of privacy in the vehicle searched. *See Aragon v. State*, 229 S.W.3d 716, 721 (Tex. App.—San Antonio 2007, no pet.); *see also Rodriguez v. State*, No. 01-04-00723-CR, 2005 WL 2850234, at *3 (Tex. App.—Houston [1st Dist.] Oct. 25, 2005, no pet.) (mem. op., not designated for publication) ("[A]lthough appellant had the keys to the Acura and was the sole occupant at the time of the stop, no evidence was admitted that he had permission to possess the vehicle or that he had an actual, reasonable, subjective expectation of privacy in the searched premises.").

Because I do not believe that appellant carried his burden to show a legitimate expectation of privacy in the car searched, I would not reach the issue of whether the search was valid.  Accordingly, I concur in the judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Keyes.

Chief Justice Radack concurring.

Justice Keyes dissenting.

Publish.   TEX. R. APP. P. 47.2(b).