Sherry Radaek, Chief Justice,
concurring
When the legality of a search is in issue, the defendant bears the burden of proving that his privacy rights were violated. Rakas v. Illinois, 439 U.S. 128, 130 n. 1, 99 S.Ct. 421, 423 n. 1, 58 L.Ed.2d 387 (1978) (stating proponent of motion to suppress has burden of establishing his Fourth Amendment rights were violated); Wilson v. State, 692 S.W.2d 661, 669 (Tex.Crim.App.1984) (opinion on rehearing) (stating defendant’s privacy interest in area searched is substantive element of Fourth Amendment claim on which he bears burden). To challenge a search, a defendant must have a legally protected right to the expectation of privacy. This is accomplished by showing an ownership or pos-sessory interest in the area searched. See Rakas, 439 U.S, at 148, 99 S.Ct. at 433.
I concur in the judgment only because I do not believe that merely driving a vehicle, without more, is sufficient to show a legitimate expectation of privacy, in it. Here, there is no evidence that appellant either owned the car, or that he legitimately possessed it. I do not believe that silence on this issue is sufficient to carry appellant’s burden of showing a reasonable expectation of privacy in the vehicle searched. See Aragon v. State, 229 S.W.3d 716, 721 (Tex.App.-San Antonio 2007, no pet.);, see also Rodriguez v. .State, No. 01-04-00723-CR, 2005 WL 2850234, at *3 (Tex.App.-Houston [1st Dist.] Oct. 25, 2005, no pet.) (mem. op., not designated for publication) (“[Although appellant had the keys to the Acura and was the sole occupant at the time of the stop, no evidence was admitted that he had permission to possess the vehicle or that he had an actual, reasonable, subjective expectation of privacy in the searched premises.”).
Because I do not believe that appellant carried his burden to show a legitimate expectation of privacy in the car searched, I would not reach the issue of whether the search was valid. Accordingly, I concur' in the judgment.